## THE PEOPLE *on rel.* WILSON *a.* SWAYZE.

*Supreme Court, First District; General Term, February,* 1863.

LANDLORD AND TENANT.—NON-PAYMENT OF RENT.—SUMMARY
PROCEEDINGS.—BREACH OF COVENANT TO PAY TAXES.

The failure of a tenant to pay the taxes which he has covenanted to pay as one
of the conditions of his lease, in addition to the rent reserved, does not author-
ize summary proceedings to dispossess him as for non-payment of rent.

Certiorari to review summary proceedings by a landlord to
dispossess his tenant.

In June, 1862, Caroline Swayze presented to the justice of a
New York District Court an affidavit setting forth that one
Eve Wilson was her tenant in respect to premises 149 Varick-
street, New York; that in 1807, Isaac Worden leased these
premises to Samuel Helmes for fifty-six years by lease, in wri-
ting, at the yearly rent of $27.50; that in said lease, Helmes
covenanted and agreed to pay and discharge all such lawful
duties, taxes, and assessments as should, during the term, be
laid, rated, assessed, or imposed by authority of the United
States, by the Legislature of this State, or by the Corporation
of the city of New York, upon the premises; that Helmes
assigned to one William Lake died seized of said lease and
premises; that Eve Lake was executrix of William Lake,
and took possession of the premises under said lease and will,
and subsequently intermarried with one Wilson, since deceased;
that Eve Wilson still held the premises under the lease, but
had failed to pay the taxes of 1857, and the four succeeding
years.

The affidavit set forth that the executors of Isaac Worden
duly assigned and transferred said premises and lease to Henry
Ellsworth, who subsequently duly assigned and transferred said
premises and lease to the present landlord.

Mrs. Wilson took various objections before the justice below,

which were overruled, and possession was awarded to the land-lord.

Mrs. Wilson sued out the present certiorari to review that proceeding.

*Albert Smith,* for the relator.—I. The landlord must make out a plain case, and leave nothing to be inferred. (6 *Hill,* 314; 4 *Den.,* 71–118; 5 *N. Y.,* 388; 24 *Barb.,* 438; 22 *How. Pr.,* 183–186; 16 *Ib.,* 449; 16 *Barb.,* 474; 32 *Ib.,* 540; 5 *How. Pr.,* 95; 9 *N. Y.,* 35; 15 *Wend.,* 226; 9 *Ib.,* 227; 1 *Hill,* 512; 8 *Cow.,* 13.)

II. The relation of landlord and tenant is not sufficiently set forth. The estate could not have gone to the executors of Isaac Worden but to his heirs; so the conclusion is, that the respond-ent is not landlord by her own showing. The due appointment of the executors, and their *power* under the will, if they had any, should have been shown. (6 *Hill,* 314; 17 *How. Pr.,* 197; 27 *Barb.,* 337.)

III. It does not appear by the affidavit that the tenant was in arrears for rent. 1. The complaint is, that she had not paid taxes. 2. But taxes are not rent, and are not shown to have been reserved as rent, by the affidavit. 3. Rent, at common law, must be capable of being reduced to a certainty by either party. (3 *Cruise Dig.,* 312.) 4. It does not appear how taxes were to be made rent, nor when they were to become due, and these very necessary connections of rent *cannot* be inferred. (See cases above cited.)

IV. If the affidavit was insufficient, the justice could not ac-quire jurisdiction either by a trial on the merits or by consent. (9 *Johns.,* 239; 3 *Cai.,* 129.)

*Edwin R. Bogardus,* for the respondent.

CLERKE, J.—Without waiting to examine whether Swayze has shown that she stands in the relation of landlord to the relator, I do not think that she has sufficiently shown in her affidavit presented to the justice, that the relator had made any default in the payment of rent. She has only shown that the relator did not pay the taxes for several years. The lease pro-vides for the payment of $27.50 per annum as rent; and in a

separate provision, there is a covenant for the discharge of taxes, &c., by the lessee.

The second subdivision of section 28 of the act, allowing these summary proceedings (2 *Rev. Stat.*, 513), applies only to cases of default in the payment of rent. It is clear that the covenant to pay taxes cannot be considered as part of the rent, because the taxes are not payable to the landlord, but to the public authorities; and the landlord could not make a legal demand of the taxes, as required by the statute, if the same were a part of the rent.

It also appears by the affidavit, that the landlord has paid the taxes, and thereby changed his demand against the tenant into a mere action of damages for breach of the covenant to pay the taxes;—if she has any remedy after such payment.

Proceedings reversed with costs.

SUTHERLAND, P. J., and INGRAHAM, J., concurred.

---

## FIELD *a.* CHAPMAN.

*Supreme Court, First District; General Term, February,* 1863.

JUDGMENT AGAINST JOINT-DEBTORS.—CREDITOR'S ACTION.—
RETURN OF EXECUTION.

The right of the creditor of a copartnership is subordinate to the power of a partner to make a *bona-fide* disposition of the property before it is subjected to the creditor's lien.

Upon a judgment against joint-debtors, recovered in an action in which part only were served with summons, a creditor's action cannot be maintained to reach the separate property of those who were not served.

H. conveyed to C. in good faith all his interest in the copartnership property of H. & C. ; subsequently C. transferred all the property to a third person.

*Held,* that a creditor's action to impeach the latter transfer as fraudulent, and to reach the property, could not be maintained under a judgment against H. & C., after service of summons upon H. only.*

---

* Otherwise under section 294 of the Code, as amended in 1863. Compare Billhofer *a.* Heubach, 15 *Ante*, 143.