various other shipments previously made, the same form of contract was used, and nothing different was looked for, apparently, in this instance. Nor does the proof show any negligence upon the defendant's part in the method of packing the lost lumber in the second car, nor in the manner of labeling that car. But the liability was, we think, properly imposed, upon the ground that there was a deviation by the carrier from the terms of the contract, and that, for its failure to ship the lumber in one car, the defendant was chargeable as an insurer of the goods. It appears that the reason of the requirement for shipment in this manner was that another consignment of similar lumber was made upon the same day by the plaintiffs to other parties in Cincinnati, and it was feared that a commingling and loss might result if the larger consignment was not shipped entirely by itself. Knowing that the defendant assumed no liability beyond its own line, it was but natural that the plaintiffs should seek some reasonably safe method of delivery, and it would appear that, from the defendant's failure to observe the requirement imposed, exactly what was feared did happen. The goods were accepted for carriage under an agreement as to the terms of which the defendant had, at least, imputable knowledge, and the case appears to be a proper one for the application of the rule charging a carrier as insurer of goods, notwithstanding exemptions in the contract, where there has been a deviation from its material terms. Maghee v. Railroad Co., 45 N. Y. 514. This main question is alone presented to us by the appellant, and we conclude that there is not ground for a reversal.

Judgment affirmed, with costs. All concur.

---

(16 Misc. Rep. 31.)

### DAVIDOFF v. WHEELER & WILSON MANUF'G CO.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
   The affirmance by the general term upon the question of preponderance of the evidence is conclusive as to that question upon the appellate term.

2. TRIAL—DISMISSAL OF COMPLAINT.
   When there is any evidence in support of plaintiff's cause of action, no error of law appears in the denial of defendant's motion to dismiss the complaint.

3. MALICIOUS PROSECUTION—REASONABLE BELIEF.
   A request for an instruction in an action for malicious prosecution, which permitted inquiry by the jury as to the actual as well as the reasonable belief of the prosecuting party, was properly refused.

4. SAME—ADVICE OF COUNSEL—PRESUMPTION.
   The fact that defendant, in an action for malicious prosecution, consulted counsel, and subsequently instituted the prosecution on which the action is based, does not raise a presumption that the prosecution was advised by counsel.

5. SAME—STATEMENT OF FACTS—NECESSITY.
   In the absence of a showing that defendant in an action for malicious prosecution made a full and fair statement of the case to counsel before instituting the prosecution, it was proper to reject a question put to him as to what advice counsel gave him.

6. EVIDENCE—FOUNDATION FOR QUESTION.
     The ruling of the court in rejecting the question was not rendered er-
roneous by the fact that defendant subsequently testified that he had
made a full and fair statement to counsel.

Appeal from city court of New York, general term.

Action by Joseph Davidoff against the Wheeler & Wilson Manu-
facturing Company for malicious prosecution. From an affirmance
by the general term of the city court of a judgment on a verdict for
plaintiff (35 N. Y. Supp. 1019), defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Holden & Allen, for appellant.

Morris Cukor, for respondent.

BISCHOFF, J.     The appellant's counsel has devoted a consider-
able portion of his brief to argument upon the facts, and touching the
weight of the evidence in this case, which industry upon his part must
go unrewarded, since the affirmance by the general term below con-
cludes us upon the question of preponderance, and we must confine
our attention to the exceptions taken at the trial.     Claflin v. Watch
Co., 7 Misc. Rep. 669, 28 N. Y. Supp. 42; Gold v. Serrell, 6 Misc. Rep.
124, 26 N. Y. Supp. 5; Meyers·v. Cohn, 4 Misc. Rep. 185, 23 N. Y.
Supp. 996.     There was certainly some evidence in support of the
plaintiff's cause of action, and hence no error of law appears from
the denial of the defendant's motion for a dismissal of the complaint.
The action was for malicious prosecution, based upon the fact that
the defendant procured the plaintiff's imprisonment for eight days,
pending examination by the grand jury into the defendant's com-
plaint of larceny, which charge was rejected by that body.     The plain-
tiff's evidence showed that he had received a certain machine from the
defendant under a contract whereby he was to pay sums upon install-
ment in order that title might finally vest in him, and it was further
provided that the machine should not be removed from the place of
delivery without notice to the defendant.     Subsequently, permission
for removal into the custody of one Eisenstadt was given by the de-
fendant, and notice of such removal was received from the plaintiff.
Thereafter the defendant notified the plaintiff that the machine had
been removed from this last location, and required him to trace it,
which he did, and forthwith sent a postal card to the defendant, ad-
vising them as to where the chattel could be found.     Some days after-
wards he was arrested upon the defendant's complaint, and it is in evi-
dence that one of the defendant's agents admitted, at the time of the
arrest, that the postal card had been received.     No question of law,
therefore, arises upon the evidence, since all the elements of a cause
of action for malicious prosecution are found in the matters detailed.
The jury believed the plaintiff's evidence and the general term were
satisfied with regard to the preponderance of proof.     It it not for us
to look further.

The first exception relied upon was taken to the court's refusal to
charge, "in the form requested," that "the true inquiry for the jury
is, not what were the actual facts as to the guilt or innocence, but
what did the defendant have reason to believe, and what did he be-

lieve, in reference thereto, at the time of the complaint." The ruling of the court was certainly very proper, since this proposition permitted inquiry as to the actual, as well as the reasonable, belief of the prosecuting party, whereas the latter kind of belief was alone in question. Fagnan v. Knox, 66 N. Y. 525.

Next it is claimed that the court erred in refusing to charge, in effect, that, if the defendant's action was based upon advice of counsel, given after a full and fair statement of the case, the plaintiff could not recover. The question of advice of counsel, however, was not in the case, since it does not appear that any advice was given favorable to the action taken. True, the defendant consulted counsel, and subsequently instituted these criminal proceedings, but whether upon advice of counsel or not is a matter of surmise merely. Therefore, the ruling was not erroneous. So, too, the court properly excluded the questions whether the defendant's counsel had carefully considered the case, and had given his advice in good faith. In any aspect, this inquiry would seem to have been immaterial; but, as noted, the advice given, whatever it may have been, did not appear to have influenced the situation.

The objection to the question put to the defendant's manager by defendant's counsel, touching the bringing of this complaint, "What was my advice to you?" was well sustained, it not having been shown that a full and fair statement of the case had been made, and this was essential. Ames v. Rathbun, 55 Barb. 194. The fact that, subsequently, the witness stated that he had made such a full and fair statement certainly would have rendered the evidence admissible, had counsel desired to ask the question again thereafter; but the ruling, when made, could not correctly have been otherwise.

No further points are presented, and we have but to affirm the judgment.

Judgment affirmed, with costs. All concur.