(18 Misc. Rep. 415.)

## BIEN v. BIXBY.

(Supreme Court, Appellate Term, First Department. November 12, 1896.)

1. LANDLORD AND TENANT—DISPOSSESSION—REDEMPTION.
   Section 2256 of the Code, which gives a dispossessed tenant the right to redeem the demised premises upon paying or tendering to the landlord the rent in arrears, and the costs and charges incurred, includes under the term "rent" only the rent proper, and not taxes and other expenditures imposed by the lease upon the tenant, and under the term "costs and charges" only the costs and charges of regaining possession.

2. SAME—TENDER OF RENT AND COSTS.
   The tender so made need not be kept good, if refused, as its effect is not to deprive the landlord of any right, but only to give the tenant a standing in court to institute redemption proceedings.

3. SAME—JURISDICTION OF DISTRICT COURT.
   On a proceeding instituted after tender, the justice of a district court has the power, and it is his duty, to make a final order which shall fully adjust all the rights and liabilities between the parties, and which should be of such a character that the tenant cannot recover possession until he has fully complied with every covenant under which he has been in default.

4. SAME—TEMPORARY RECEIVER.
   A temporary receiver has power to maintain such proceedings, and acts therein both for the corporation and its creditors, and the corporation is not an indispensable party.

(Syllabus by Daly, P. J.)

Appeal from Eighth district court.

Proceedings by Franklin Bien, as receiver of the Casino Company, against Robert E. Bixby, individually, and as trustee of Grace S. Mankowski under the will of John M. Bixby, to redeem from summary proceedings. From an order of dismissal, plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Samuel Untermeyer, Moses Weinman, and Julius J. & A. Lyons, for appellant.

Samson Lachman and George Freifeld, for respondent.

DALY, P. J.    The plaintiff is the receiver of the Casino Company, which was dispossessed from the theater and premises known as the "Casino," in the city of New York, for nonpayment of a quarter's rent, due May 1, 1895, amounting to $3,000.    The rent accrued under a lease made to the New York Concert Company, Limited, the assignor of the Casino Company, on December 1, 1891, by the defendant, Robert F. Bixby, individually, and as trustee, for 10 years from May 1, 1892, at the annual rental of $12,000; the tenant to pay the taxes and Croton water rents, and make all repairs upon the building.    The Casino Company was dispossessed on May 17, 1895, and the plaintiff, as receiver, was subsequently empowered to conduct, institute, and prosecute any and all proceedings that might be necessary to redeem and recover possession of the property from which the company was dispossessed on account of nonpayment of rent; and accordingly this proceeding was commenced, pursuant to section 2256 of the Code, within a year after the execution of the warrant, the unexpired term of the lease exceeding five years at

the time that the warrant was issued.    The plaintiff having tendered to the defendant the sum of $13,500 in cash for rent in arrear at the time of the tender, with interest thereon, and the costs and charges incurred by the petitioner, pursuant to the last-named section, an order was thereupon made by the justice who issued the original warrant, in accordance with section 2259, requiring the defendant to show cause why the petition of the plaintiff should not be granted.    The petition prayed for an order establishing the rights of the parties upon the redemption, and directing that the petitioner should be entitled to the possession of the demised premises under the lease, and that he may hold and enjoy the same according to its terms.    On the return of the order to show cause the parties appeared before the justice, and were heard upon their proofs; and he made a final order dismissing the petition, with costs and expenses to be paid by the petitioner.    An appeal from such final order is now taken, under section 2260 of the Code; and the objections taken to the proceedings, and argued upon this appeal, will be briefly considered.

The first question presented is whether the tender of $13,500 was sufficient, under the statute.    The defendant claimed it was not, because it did not cover, among other things, the taxes in arrear, which had become a lien upon the property, and which the tenant had covenanted to pay, and certain expenses incurred by the landlord subsequent to the proceedings to dispossess, in making necessary alterations upon the premises required by the building department. The provision of the Code as to tender is as follows:

"Sec. 2256. Where the special proceeding is founded upon an allegation that a lessee holds over, after a default in the payment of rent, and the unexpired term of the lease, under which the premises are held, exceeds five years, at the time when the warrant is issued; the lessee, his executor, administrator, assignee, may, at any time within one year after the execution of the warrant, pay or tender to the petitioner, his heir, executor, administrator, or assignee, or if, within five days before the expiration of the year, he cannot, with reasonable diligence, be found within the city or town wherein the property, or a portion thereof, is situated, then to the judge or justice who issued the warrant, or his successor in office, all rent in arrear at the time of the payment or tender, with interest thereupon, and the costs and charges incurred by the petitioner.    Thereupon the person, making the payment or tender, shall be entitled to the possession of the demised premises, under the lease, and may hold and enjoy the same, according to the terms of the original demise, except as otherwise prescribed in the next section but one."

The claim of the defendant is that "the costs and charges incurred by the petitioner" refer to all outlays which the landlord had made, or would have to make, by reason of the failure of the tenant to perform his covenant.    In Waters v. Crawford, 2 Thomp. & C. 602, in construing chapter 240 of the Laws of 1842, the language of which was, "all rent in arrears at the time of such payment or tender, and all costs and charges incurred by the landlord," it was said that this meant the costs and charges of obtaining possession; and substantially to this effect is Pursell v. Insurance Co., 42 N. Y. Super. Ct. 383.    In using the term "petitioner" instead of "landlord," the statute refers, of course, to the petitioner in the proceedings to dispossess, and his "costs and charges" obviously refer to his expenses

incurred in that capacity; in other words, to the "costs and charges" of the proceedings to dispossess, and not to his outlays incurred generally in his capacity as landlord, such as unpaid taxes, expenses of repairs, etc. These were not incurred by the petitioner as such. Nor can the term "rent" be deemed to include taxes, insurance, and costs of repairs, although the covenants of the lease require the tenant to pay them. The term "rent," when used in relation to summary proceedings, has a limited meaning, and does not import the entire consideration which the tenant pays to the landlord for the use of the demised premises, whether directly, as rent proper, or indirectly for his benefit, in the form of taxes and assessments. Bixby v. Casino Co., 14 Misc. Rep. 346, 35 N. Y. Supp. 677; People v. Swayze, 15 Abb. Prac. 432; Witty v. Acton, 58 Hun, 552, 12 N. Y. Supp. 757. In the last-named case it was held that, when the tenant had been dispossessed for nonpayment of taxes or assessments which he had agreed to pay (section 2231, subd. 3, of the Code), he is not entitled to the benefit of the redemption proceedings, as there is no provision for a tender of the amount due for taxes and assessments, but only for a tender of rent. In this view of the section, the amount tendered ($13,500) was ample. The Casino Company was dispossessed on May 17, 1895, for nonpayment of $3,000, the rent for the preceding quarter, which was payable on the 1st day of May. The tender was made April 24, 1896, at which time rent for four quarters was in arrears, viz. for May 1, August 1, and November 1, 1895, and February 1, 1896. The next rent was not due until the following May 1st, and, of course, could not be rent in arrears before that date. Twelve thousand dollars, therefore, was properly tendered for rent in arrears, leaving $1,500 for interest on such rent, and for the costs and charges of the summary proceedings. The interest would be less than $450; the costs of the marshal in the summary proceedings were only $459.10; and the tender, therefore, was in excess of the amount actually required. This construction will give no undue advantage to the tenant, because the effect of the tender will not be to reinstate him in possession of the demised premises if he is still in default in payment of taxes, or any other expenditure under the covenants of his lease. The landlord is fully protected by the Code, which provides, after prescribing the tender to be made on redemption, as follows:

"Sec. 2259. The person redeeming, as prescribed in the last three sections, or the owner of the property so redeemed, may present to the judge or justice who issued the warrant, or to his successor in office, a petition, duly verified, setting forth the facts of the redemption, and praying for an order, establishing the rights and liabilities of the parties upon the redemption. Whereupon the judge or justice must make an order requiring the other party to the redemption to show cause before him, at the time and place therein specified, why the prayer of the petitioner should not be granted. The order to show cause must be made returnable, not less than two nor more than ten days after it is granted; and it must be served at least two days before it is returnable. Upon the return thereof the judge or justice must hear the allegations and proofs of the parties, and must make such a final order as justice requires. The costs and expenses must be paid by the petitioner. The final order, or a certified copy thereof, may be recorded in like manner as a deed. A person, other than the lessee, who redeems as prescribed in the last three

sections, succeeds to all the duties and liabilities of the lessee, accruing after the redemption, as if he was named as lessee in the lease."

The tenant desiring to redeem the premises is required to apply to the court for an order, and the court is required to make an order which shall "establish the rights and liabilities of the parties upon the redemption," and it must be "such a final order as justice requires." This clearly confers upon the justice the broad powers formerly vested in chancellors to make a complete adjustment of all the equities between parties. On the one hand, for instance, arrears of taxes unpaid, and premiums of insurance, and the cost of complying with provisions of public departments concerning repairs and alterations, and the expenditure for the repairs, all as required by the lease, can be allowed the landlord, and, as an offset, any excess of rent that the landlord has, or ought to have, received in the interim, over and above the rent reserved in the lease, can be allowed to the tenant,— in this case an important item, as the rent reserved was evidently ground rent; and, if the difference between these allowances is in favor of the landlord, the tenant may be required to pay the difference, whether more or less than his tender, as a condition of being admitted to possession. Such powers are, it is true, most extensive and important, and the conferring of them upon the justices of district courts is somewhat of an advance upon the general legislative policy of withholding equitable jurisdiction from those courts, but the language of the statute is too plain to be mistaken. While some of the expressions in the section in question might indicate that the redemption is accomplished by the tender alone, and that the tenant is entitled to possession upon making the tender, such an inference is inconsistent with the main purpose of the section, in requiring the parties to the redemption to submit their rights and equities to a court, and providing for a final order "establishing their rights and liabilities upon the redemption." This provision indicates that the order is to be deemed contemporaneous with the redemption itself. It would, moreover, be incompatible with the character of the order which the justice is to make, viz. "establishing the rights and liabilities of the parties," and "such as justice requires," if it could be inferred that the tenant was entitled to possession upon simply making the tender. Were an insolvent tenant, in arrears for large amounts, —taxes and other expenses which he ought to have discharged, and distinguished from rent proper,—to be reinstated in possession upon his payment of rent alone, the order of the justice establishing the rights and liabilities of the parties would be wholly without effect. This would be especially true in the present instance. The tenant could not be removed again by summary proceedings for nonpayment of taxes and assessments, owing to a provision in his lease providing for summary proceedings for nonpayment of rent, which provision was held to exclude dispossession for other defaults. Bixby v. Casino Co., supra. The tenant, after a temporary dispossession, would go back to the enjoyment of property largely enhanced in value by the addition of fire escapes, fireproof curtains, partitions, and the like improvements, made by and at the expense of the landlord, in com-

pliance with requirements of municipal departments. Justice manifestly requires some order which would fix the rights and liabilities of the parties in a way to prevent injustice to either; for in any case it would be inequitable to permit a tenant to re-enter without full performance of the covenants which he had broken, even if further summary proceedings were available to the landlord. In considering whether compliance with the order to be made by the justice is a condition precedent to repossession by the tenant, it must be remembered that the district courts are without general equitable powers or machinery for the enforcement of their decrees. This consideration had much weight with the courts in reaching the decision made in Rodgers v. Earle, 5 Misc. Rep. 164, 24 N. Y. Supp. 913; Richards v. Littell, 16 Misc. Rep. 339, 38 N. Y. Supp. 73; Constant v. Barrett, 13 Misc. Rep. 249, 34 N. Y. Supp. 163; Bank v. Wood, 1 Misc. Rep. 145, 20 N. Y. Supp. 640,—that the provision in section 2244 permitting the answer of the tenant in summary proceedings to set up equitable defenses did not contemplate any affirmative equitable relief, such as in a court of full equitable power and equipment might be granted and enforced upon the equitable defense set up. In other words, equitable defenses are available in such proceedings as a shield, but not as a sword. And so, with respect to the order provided for in these redemption proceedings, it must be presumed that the legislature, having in view the limited power of district courts, intended that the order, when made, should be self-executing, and this can only be if compliance with it is held to be a condition of reinstatement of the delinquent tenant.

The next question is whether it was necessary for the receiver to keep good the tender he had made, by paying the money into court, or otherwise. Where the effect of a tender is to discharge a debt, the money must be deposited so as to be at all times within reach of the creditor whose debt has been thereby discharged; but where the effect of the tender is not to discharge a debt, but only to change in some manner the rights or remedies of the parties against each other, —as, for instance, extinguishing a lien upon some specific thing,— the money need not be deposited. Kortright v. Cady, 21 N. Y. 343; Cass v. Higenbotam, 100 N. Y. 253, 3 N. E. 189. The effect of the tender in a redemption proceeding is not to discharge the landlord's claim for any part of the rent, but only to enable the tenant to obtain a standing in court in order to have his rights and liabilities and those of his landlord adjusted with a view to compliance with a final order to be made as justice requires. The tender does not give the absolute right to possession of the property. Much less does it discharge the debt. It has no substantial effect, to be measured in dollars and cents, to stop interest or prevent costs, as in the cases cited in Halpin v. Insurance Co., 118 N. Y. 165–178, 23 N. E. 482, 486. It is to be distinguished from tenders made as a basis of affirmative relief sought in equity, where by reason of the tender a lien is treated as extinguished, and where a decree to that effect is demanded without any further payment or tender of payment. Tuthill v. Morris, 81 N. Y. 94; Halpin v. Insurance Co., supra. It is not governed by the rules in equity, being purely statutory, and having a formal effect only.

Notwithstanding the tender, the landlord still has the right of insisting that the order of restoration be conditioned upon the tenant's performance of certain acts, which shall be a compliance with the requirements of his lease, and the subject of a final order adjusting the rights and liabilities of all the parties. So far from the tender changing the position of the parties, the landlord might accept it without prejudicing any of his rights to a judicial determination of the tenant's liability; for the statute provides that the owner, as well as the person dispossessed, may institute the proceedings before the justice. Upon this view, therefore, of the office and effect of the tender, it would seem unnecessary that it should be deposited. The tenant can get no advantage without actually paying it into the landlord's hands whenever required.

The objection that the receiver has not power to maintain this proceeding is not well taken. This receiver was appointed under section 1784 of the Code, in an action for sequestration of the property of the corporation. He was a temporary receiver, and by section 1788 of the Code it is declared that such a receiver "has power to collect and receive the debts, demands, and other property of the corporation; to preserve the property, and the proceeds of the debts and demands collected." This general authority would seem to be enough for the purpose of the present proceeding, but, in addition, special authority was conferred upon him, under section 1789, by an order of the supreme court, to conduct, institute, and prosecute any and all proceedings that may be necessary to redeem the property from which the Casino Company was dispossessed.

Finally, it is objected that the Casino Company should have been joined as petitioner with the receiver, as it is still in existence. No authority is cited to sustain this objection, and there seems no reason why a corporation whose functions are suspended during the continuance of a temporary receivership should be deemed an indispensable party. If the assets should prove more than sufficient to liquidate the liabilities, the excess would go to the corporation; and so the receiver acts for both the corporation and the creditors, and, as the representative of both, he may maintain this proceeding alone.

The final order should be reversed, and the proceeding remitted to the justice for his further action, under section 2259 of the Code. All concur.