salary the respondent was receiving at the time of his retirement, or at "such less sum in proportion to the number of officers and members so retired as the condition of the fund will warrant." Claiming that his pension should have been fixed at $800 (for his salary was $1,600 at the time of his retirement) the respondent brought an action to recover the difference for the first year between $800 and the sum allowed him. He was retired on March 14, 1903, and commenced the said action on December 2, 1904. He failed in his action because his remedy was by mandamus to correct the error of the fire commissioner. Ramsey v. Hayes, 112 App. Div. 442, 98 N. Y. Supp. 394; 187 N. Y. 367, 80 N. E. 193. Thereupon he applied for a writ of mandamus to require his pension to be fixed at $800, alleging facts showing that the state of the pension fund allowed him that amount, and the order granting a peremptory writ is here appealed from. The contention is that the application should have been denied for laches. It seems extraordinary that such an objection should be taken when it is not disputed that the condition of the pension fund was such that the respondent was entitled to have his pension fixed at $800. Such a course in private affairs could scarcely be deemed honorable. The rule of laches declared by the courts in respect of applications to be reinstated in an office or place (People v. Justices, 78 Hun, 334, 29 N. Y. Supp. 157; People v. Keating, 49 App. Div. 123, 63 N. Y. Supp. 71; People v. Sturgis, 82 App. Div. 580, 81 N. Y. Supp. 816) has no application to this case. In such cases it is fair and meet that the person dismissed apply promptly for reinstatement, and not wait until another has become seasoned to his place, or the condition of the department has become adjusted to his absence. But here the respondent asked only for what in law and honesty he was entitled to, and the granting of which could injure no one.

The order should be affirmed.

Order affirmed, with costs. All concur.

---

KARCH v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

JURY—RIGHT TO TRIAL BY JURY—DEMAND—WAIVER OF RIGHT.

Municipal Court Act, Laws 1902, p. 1557, c. 580, § 230, provides that upon an issue of fact joined, if a jury trial be not demanded, the court must hear the evidence, etc. Section 231 provides that, at any time when an issue of fact is joined, either party may demand a jury trial, and, unless so demanded at the joining of issue, it is waived. *Held*, that a jury trial is waived only when neither party makes demand therefor; and hence, where plaintiff demanded a jury, and defendant's challenge to the venire and the jurors drawn was sustained, plaintiff could not waive his demand, nor could the court try the case alone against defendant's protest, since plaintiff's demand had assured a right to defendant, as well as to himself.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, §§ 176–196.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Martin Karch against the Nassau Electric Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

A. M. Williams, for appellant.

Frederick N. Van Zandt, for respondent.

JENKS, J. The action is brought in the Municipal Court for loss of services of a wife consequent upon injuries suffered by her when a passenger in a car of the defendant. On the return day of the summons the plaintiff demanded a jury trial, and a venire was issued. When the case came on for trial, the defendant challenged the venire and the jurors drawn. The challenge was sustained, under exception by the plaintiff, who thereupon said that he would try the cause without a jury. The defendant declined to proceed without a proper jury. The plaintiff objected that the defendant could not demand a jury at that time. The defendant replied that such was its demand. The court ruled that the cause must go to trial without a jury. The defendant objected, and the court, ruling that it then demanded a jury and tendered the fees, denied the motions of the defendant, overruled its objections, and under exception the cause was tried without a jury. The court alone was not empowered to try the cause if a jury trial was demanded. Municipal Court Act, Laws 1902, p. 1557, c. 580, § 230.

The point of the respondent is that, inasmuch as section 231 provides "at any time when an issue of fact is joined, either party may demand a trial by jury, and unless so demanded at the joining of issue, a jury trial is waived," the defendant had waived its right by omission to demand the jury at the joinder of issue. But either party may demand a jury and thus secure it, and it is only when neither party makes such demand that the jury is waived. In this case the plaintiff had duly demanded the jury, and hence a trial by jury was then assured to both parties. The defendant had the right to rest upon the action of the plaintiff, and to assume that the trial would be by jury, and there was no reason why it should have then on its part taken a step like unto that already taken by the plaintiff to obtain a like condition for both parties. The plaintiff could not waive the demand against the protest of the defendant, because his demand had assured a right to the defendant, as well as to himself; and the court had no power to dispense with the jury against the protest of the defendant. Sherwood v. N. Y. Telephone Co., 46 Misc. Rep. 102, 91 N. Y. Supp. 387.

The judgment must be reversed, and a new trial must be ordered before a court and a jury; costs to abide the event. All concur, except HIRSCHBERG, P. J., not voting.