### EBLING BREWING CO. v. NIMPHIUS.

#### (Supreme Court. Appellate Term. April 10, 1908.)

1. STATUTES—CONSTRUCTION—STATUTES RELATING TO SAME SUBJECT.
   All acts in pari materia should be construed together.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 303, 304.]

2. JURY—RIGHT TO TRIAL BY JURY—CIVIL PROCEEDINGS—REDEMPTION OF LEASEHOLDS.
   Code Civ. Proc. c. 17, tit. 2, § 2231, provides when a tenant may be removed; section 2232 provides for cases where persons holding over may be removed by the landlord; section 2233 provides for cases of forcible entry and detainer; section 2237 provides when petition may be filed to remove disreputable houses, etc., from the neighborhood; section 2247 provides that the issues joined by the petition and answer must be tried by the judge, unless either party to such proceedings shall, at the time designated in the precept for showing cause, demand a jury trial; section 2256 provides for the redemption of leasehold property by the lessee, where he holds over after default in rent by paying all rent in arrears; section 2257 provides for redemption in such case by a judgment creditor of the lessee, etc.; and section 2259 requires that upon return of the order to show cause the justice must hear the parties and make such final order as justice requires. Municipal Court Act, Laws 1902, p. 1488, c. 580, § 1, subd. 12, gives that court jurisdiction of a summary proceeding, under title 2, c. 17, of the Code of Civil Procedure, to recover possession of real property, and such proceeding may be tried with or without a jury, which may be demanded by either party thereto, etc. *Held*, under a construction of all the provisions together, that section 2247, permitting a party to demand a jury trial, applies only to the preceding sections, and not to sections 2256, 2257, and section 1, subd. 12, of the Municipal Court Act

did not provide a different procedure for proceedings under the preceding sections, but simply conferred jurisdiction on that court; and hence, in proceedings under sections 2256, 2257, to redeem leased property, neither party was entitled as a matter of right to a jury trial, the proceedings contemplated therein being equitable in their nature, and the issues of fact raised thereon being determinable by the court.

3. COURTS—MUNICIPAL COURTS—EQUITABLE JURISDICTION.

Though the powers conferred by Code Civ. Proc. §§ 2256, 2257, are equitable in their naure, they do not confer such equitable jurisdiction as to bring them within Const. art. 6, § 18, prohibiting the Legislature from conferring jurisdicton on inferior or local courts, or Muncipal Court Act, Laws 1902, p. 1490, c. 580, § 2, providing that that court shall not have equitable jurisdiction.

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Proceedings by the Ebling Brewing Company against Adam Nimphius to redeem certain leased premises. From an order permitting redemption, defendant appeals. Affirmed, with leave to appeal.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Charles Stein, for appellant.

John A. Hardiman, for respondent.

SEABURY, J. The appellant is the landlord of the premises, which were leased to Schoeppler. The term of the lease was from August 31, 1905, to November 1, 1915. On the same day that this lease was executed, Schoeppler assigned it to the Ebling Brewing Company. Although the lease contained a clause against assignment without the consent of the landlord, the proof shows that such consent was given. While the Ebling Brewing Company also obtained title to the lease by virtue of the foreclosure of a chattel mortgage executed to it by Schoeppler, which covered the lease, it is not necessary, for the purpose of disposing of this appeal, to determine what its rights were by virtue of the title which it obtained upon the foreclosure sale. The evidence establishes, and the justice in the court below found, that it was the assignee of the lease with the consent of the landlord. In August, 1907, the landlord instituted summary proceedings to recover the possession of the property, and under the final order issued in that proceeding Schoeppler was removed from the premises. On September 5, 1907, the Ebling Brewing Company tendered the landlord the amount of the rent, interest, and costs then due, which the landlord refused to accept. On the same day, upon the petition of the Ebling Brewing Company, an order was made by a justice of the Municipal Court, directed to the landlord, requiring him to show cause why an order establishing the rights and liabilities of the parties and directing that the Ebling Brewing Company be entitled to the possession of the demised premises should not be made. Upon the return day of this order the landlord filed his answer to the petition upon which the order to show cause was granted, and demanded a jury trial. The request for a jury trial was denied, and the landlord duly excepted. The issues were

then tried by the justice, and the trial resulted in an order which permitted the Ebling Brewing Company to redeem the premises.

The question to be determined is whether, in a proceeding to redeem under sections 2256 and 2257 of the Code of Civil Procedure, a jury trial is a matter of right. The jurisdiction of the justices of the Municipal Court of the city of New York is the creation of statute, and for every act that they do they must be able to point to some legislative mandate which sanctions the course pursued. Summary proceedings to recover the possession of real property are also purely statutory, and only those actions can be taken, in the course of these proceedings, which are authorized by statute. We must, therefore, in the determination of this question, look primarily to the language of the statutes. Section 2231 of the Code provides when a tenant may be removed. Section 2232 provides for the cases where persons who hold over may be removed. Section 2233 provides for cases of forcible entry and detainer. Section 2237 prescribes in what cases a petition may be filed by the neighbor of a bawdy house, etc. These cases all come within a different class from the cases prescribed in sections 2256 and 2257. Section 2256, which provides for redemption by a lessee, and section 2257, which provides for redemption by a creditor of a lessee, both contemplate a proceeding which shall be instituted after summary proceedings to remove the tenant have been commenced. The proceedings contemplated by these sections are entirely different from the summary proceedings sanctioned by sections 2231, 2232, 2233, and 2237 of the Code of Civil Procedure. Section 2247 which follows these sections, and which precedes sections 2256 and 2257, provides that:

"The issues joined by the petition and answer must be tried by the judge or justice, unless either party to such proceeding shall, at the time designated in such precept for showing cause, demand a jury trial," etc.

Thus a jury trial is clearly sanctioned in cases where summary proceedings are commenced under sections 2231, 2232, 2233, and 2237. It is clear that "the issues" referred to in section 2247, which may be tried by jury, are only those issues which are raised by an answer to a petition filed under one of the previous sections. Section 2247 certainly does not contemplate the trial of issues raised by an answer to a petition under sections 2256 and 2257. The manner of trial of issues raised in proceedings under sections 2256 and 2257 is provided for in section 2259, which requires that upon the return of an order to show cause "the judge or justice must hear the allegations and proofs of the parties, and must make such a final order as justice requires." The omission to provide, in section 2259, that a jury trial may be had on demand, as is provided in section 2247 as to those cases to which that section applies, clearly indicates the intention of the Legislature not to sanction a jury trial in a proceeding under sections 2256 and 2257.

Section 1, subd. 12, of the Municipal Court act (Laws 1902, p. 1488, c. 580), provides that the court has jurisdiction of "a summary proceeding under title two of chapter seventeen of the Code of Civil Procedure, to recover possession of real property which, or a portion of which, is situated within the district wherein the application for such recovery is made. Such proceeding may be tried with or without a

jury, which may be demanded by any party thereto," etc. This section does not attempt to prescribe a different method of trial for proceedings under title 2 of chapter 17 of the Code of Civil Procedure than that therein prescribed. That title prescribes the manner of trial for two classes of cases. One class includes cases arising under sections 2231, 2232, 2233, and 2237, where the Code provides for a jury trial on demand, and another class, which includes cases arising only under sections 2256 and 2257, where the Code does not provide for a jury trial. Section 1, subd. 12, of the Municipal Court act, obviously did not intend to prescribe a manner of trial different from that prescribed by the code in these proceedings. The purpose of this section of the Municipal Court act was merely to confer jurisdiction upon the Municipal Court to try these proceedings in the manner provided by law.

Under well-settled rules of construction of statutes applicable to the jurisdiction of inferior courts, it is obvious that no support for the contention that proceedings under sections 2256 and 2257 may be tried by a jury can be derived from section 1, subd. 12, of the Municipal Court act. The evident intention, in the enactment of section 1, subd. 12, of the Municipal Court act, was that in summary proceedings a trial by jury was authorized, when it could be had consistently with the provisions of title 2 of chapter 17 of the Code of Civil Procedure. So construed, the provisions of section 1, subd. 12, of the Municipal Court act, and the provisions of title 2 of chapter 17 of the Code, are consistent and harmonious. All acts in pari materia should be construed together. These two statutes, so far as the jurisdiction of the Municipal Court is concerned, have but a single object, and should be read as if they were parts of one statute. A contrary construction would regard these statutes as inconsistent with each other, and would, because of section 1, subd. 12, of the Municipal Court act, result in sanctioning a jury trial in proceedings under sections 2256 and 2257 of the Code when those proceedings were commenced in the Municipal Court, and in denying the right to a jury trial in such cases when the proceedings were instituted in a County Court, or in the City Court of the city of New York, in relation to which there is no provision similar to that contained in section 1, subd. 12, of the Municipal Court act. Section 2234, Code Civ. Proc. To place such a construction upon the statute is to read into section 2259 of the Code a provision which the Legislature has not seen fit to put into it, or to regard section 1, subd. 12, of the Municipal Court act as in absolute conflict with section 2259 of the Code.

I cannot see that section 232 of the Municipal Court act has any application to the question at all. Thus a literal interpretation of the statutes makes it clear that in proceedings to redeem under sections 2256 and 2257 of the Code of Civil Procedure there is no authority for a jury trial. That this interpretation is correct becomes evident, if we consider the nature and character of the proceedings authorized by sections 2256 and 2257 of the Code. The statutes authorizing summary proceedings were originally designed to provide a simple and expeditious method of accomplishing a result which formerly, so far as the landlord's right to recover lands upon forfeiture or expiration

of the tenant's term was concerned, could only be accomplished by an action of ejectment. In prescribing this statutory remedy, the Legislature provided for the right of trial by jury, and extended it to the other cases referred to, in which these proceedings are now authorized. The proceedings contemplated by sections 2256 and 2257 are, as has been pointed out, entirely different in their nature. These sections contemplate redemption of a right after default has been suffered and dispossess proceedings by the landlord commenced, and require the court to ascertain the amount due the landlord and establish the rights and liabilities of the parties. The proceedings contemplated by sections 2256 and 2257 are equitable in their nature, and consequently the issues of fact raised thereon are not to be determined by a jury. Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798.

In Bien v. Bixby, 18 Misc. Rep. 415, 41 N. Y. Supp. 433, this court considered the nature of the powers conferred upon the justices of the District Courts under section 2259 of the Code of Civil Procedure, and said:

"The tenant, desiring to redeem the premises, is required to apply to the court for an order which shall 'establish the rights and liabilities of the parties upon the redemption,' and it must be 'such a final order as justice requires.' This clearly confers upon the justice the broad powers formerly vested in chancellors to make a complete adjustment of all the equities between the parties. Such powers are, it is true, most extensive and important, and the conferring of them upon the justices of District Courts is somewhat of an advance upon the general legislative policy of withholding equitable jurisdiction from those courts; but the language of the statute is too plain to be mistaken."

See, also, Bien v. Bixby, 22 Misc. Rep. 126, 48 N. Y. Supp. 810.

While the reference in Bien v. Bixby, 18 Misc. Rep. 415, 41 N. Y. Supp. 433, to "the broad powers formerly vested in chancellors" may be too general, it shows that the courts have considered that the powers which a justice is required to exercise under sections 2256 and 2257 of the Code of Civil Procedure are equitable in their nature and not strictly legal. The fact that the powers conferred by these sections are similar to the powers which are usually exercised by courts of equity does not bring them within section 18 of article 6 of the Constitution, which prohibits the Legislature from conferring upon inferior or local courts any equity jurisdiction, or section 2 of the Municipal Court act, which provides that said court shall not have any equity jurisdiction. The argument that, because these powers are similar to those usually exercised in equity, they are prohibited to the Municipal Court under section 18, art. 6, of the Constitution, and section 2 of the Municipal Court act, proves too much. If the argument is sound, then the constitutional provision referred to would prohibit the Municipal Court from exercising jurisdiction in actions to foreclose a mechanic's lien, or to foreclose a chattel mortgage, or to proceed with a case after the entry of an order of interpleader, because in all of these cases the jurisdiction exercised is in its nature equitable. Richards v. Littell, 16 Misc. Rep. 339, 38 N. Y. Supp. 73; Clark v. Mosher, supra.

It follows, both from the language of the statutes and the nature of this proceeding, that the justice before whom the trial was had was correct in denying the motion of the landlord for a trial by jury.

The order appealed from should be affirmed, with costs, with leave to the appellant to appeal to the Appellate Division, First Department.

GILDERSLEEVE, P. J., concurs.

DAYTON, J. (dissenting). I agree with my Associates that the learned trial judge correctly found the facts upon which the final order was issued. I cannot, however, assent to the proposition that the defendant was properly denied a jury trial, or that these proceedings conferred "upon the (Municipal Court) justice the broad powers formerly vested in chancellors to make a complete adjustment of all the equities between the parties." Municipal Court Act Laws 1902, p. 1488, c. 480, § 1, prescribes in explicit detail the jurisdiction of that court. Subdivison 12 of that section confers jurisdiction in—

"a summary proceeding under title two of chapter seventeen of the Code of Civil Procedure to recover possession of real property, which or a portion of which, is situated within the district wherever the application for such recovery is made. Such proceeding may be tried with or without a jury, which may be demanded by any party thereto."

Subdivision 2 of section 2 of that act reads:

"Said court shall not have any equity jurisdiction, except that this subdivision shall not be so construed as to prevent a person * * * from setting up an equitable defense in summary proceedings."

This provision conforms to section 18 of article 6 of the Constitution of this state, which prohibits the Legislature from conferring upon any inferior or local court of its creation any equity jurisdiction. Plaintiff petitioned to redeem under sections 2256–2259, Code Civ. Proc., which is part of title 2, c. 17, of that Code, entitled "Summary Proceedings to Recover Possession of Real Property." This proceeding to redeem is no less summary against a landlord than is the proceeding of a landlord against a tenant, and when it is brought in a Municipal Court the act creating and prescribing the powers of that court, which is a definitive legislative declaration as to which there is no ambiguity, must control the procedure. See opinion of McAdam, J., in People v. Fitzpatrick, Clerk, 35 Misc. Rep. 456, 71 N. Y. Supp. 191.

Section 232 of that Act further provides that:

"When an issue of fact has been joined in an action or special proceeding and a trial by jury has not been demanded, the court may in its discretion at any stage of the action or proceeding direct that a trial thereof be had by a jury."

This but emphasizes subdivision 12 of section 1, above quoted, demonstrating that in a special proceeding a jury may be demanded by any party thereto. The omission in sections 2256, 2257, and 2259, Code of Civil Procedure, of any reference to a jury trial, does not, in my opinion, deprive the parties in a redemption proceeding in a Municipal Court of the right to demand one. Section 20 of the Municipal Court act provides that the provisions of the Code of Civil Procedure

"shall apply to the Municipal Court as far as the same can be made applicable and are not in conflict with the provisions of this act; in case of such conflict this act shall govern." Bien v. Bixby, 18 Misc. Rep. 415, 41 N. Y. Supp. 433, and Id., 22 Misc. Rep. 126, 48 N. Y. Supp. 810, were decided in 1896 and 1897, respectively. The Municipal Court act was passed in 1902, and that act added to the then existing statute the following words in subdivision 12 of section 1: "Such proceeding may be tried with or without a jury which may be demanded by any party thereto"—and also added section 20, providing that said act should govern where it conflicts with the Code of Civil Procedure. The Legislature, in my opinion, in passing the Municipal Court act, specifically defined and limited the jurisdiction and powers of that court relating to these proceedings. Sections 1, 2, and 232 of the Municipal Court act, are in conflict with section 2259, Code of Civil Procedure, which provides:

"That upon the return thereof [the order] the judge or justice must hear the allegations and proofs of the parties and must make such final order as justice requires."

Therefore it follows that the Municipal Court act must govern, and that the trial judge erred in denying the defendant's demand for a jury. See Karch v. Nassau Electric R. R., 123 App. Div. 34, 107 N. Y. Supp. 829.

As to the contention that section 18, art. 6, of the Constitution of this state, and section 2 of the Municipal Court act, if construed as above suggested, would operate to prevent the Municipal Court from exercising jurisdiction in actions to foreclose a mechanic's lien, or to foreclose a chattel mortgage, or to proceed with a case after the entry of an order of interpleader, the jurisdiction in such cases being equitable in its nature, it is sufficient to say that as to those proceedings the Legislature has specifically conferred jurisdiction by direct provisions of the Municipal Court act, and that its right to do so is not before us for decision.

Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798, cited by my learned Associate in the prevailing opinion, was a construction of section 820, Code Civ. Proc., holding that, where an action at law brought in the Supreme Court thereafter becomes an equitable one, neither party is entitled to a jury trial.

The final order should be reversed, and a new trial had, without costs.