# SUPREME COURT.

## ELIZA CRAWFORD agt. HENRY H. WATERS, receiver, &c., of JAMES K. SPRATT.

In order to entitle a lessee, mortgagee or judgment creditor to *redeem* after the landlord has recovered possession of the demised premises under a warrant of dispossession in summary proceedings under the statute, a payment must be made to the landlord equal to all the rent in arrear at that time, and all costs and charges incurred by the landlord. Short of this no redemption of the forfeited possession can be effected.

The statute does not provide that such required payment shall be reduced by so much as the landlord may have received for rents or other income or benefit, during the period of the landlord's possession, subsequent to the execution of the warrant.

If the landlord can be called upon to account for the rents and income received from the premises during such *interregnum*, it could only be done after a redemption under the statute has been effected and the lessee is restored to the benefits of the lease of which he was deprived by the dispossession proceedings.

But any act done by the landlord, knowing of a cause of forfeiture by his tenant, affirming the existence of the lease and recognizing the lessee to be his tenant is a waiver of such forfeiture; and this result follows without reference to the amount of rent received.

If any part of the rent be received by the landlord which accrued subsequent to the breach, he again consents to and establishes the tenancy, which it was competent for him to have avoided. But after the landlord has avoided the lease by a judgment the effect may not be to restore the lease, yet it is a parol acknowledgment of the tenancy.

Where the landlord received and retained a certain sum of money paid on behalf of the tenant to redeem under dispossessory proceedings, which sum was insufficient for that purpose, and it being doubtful whether some or all of such money was not collected as rent from the premises subsequent to the dispossessory proceedings by the defaulting tenant, *held*, a proper case for a reference and accounting.

Crawford agt. Waters.

*New York Special Term, November,* 1873.

ACTION by plaintiff and for an injunction to restrain defendant from collecting and receiving rents.

FANCHER, *J.*—The plaintiff, in summary proceedings to recover possession for non-payment of rent, was, on the 27th February, 1871, put in possession of Nos. 28 and 30 West Broadway, in the city of New York, in pursuance of a warrant issued by the justice of the eighth judicial district of said city.

In April following she leased a portion of the premises to John Terhune, who paid rent to the plaintiff until the 1st of September, 1871.

The defendant, Henry H. Waters, having, in proceedings supplementary to execution, been appointed receiver of the property of James K. Spratt, the tenant of the plaintiff, against whom the dispossession proceedings were prosecuted, brought an action in this court in August, 1871, to regain possession of the forfeited premises, claiming the right to be restored to the benefits of the lease made to Spratt.

That action was tried on the 15th February, 1872, at the New York special term, before Hon. DANIEL P. INGRAHAM, presiding justice. The decision in that action was to the effect that the receiver had failed to tender to the lessors, or to the officer who issued the warrant of dispossession, already mentioned, a sufficient sum to cover the rent in arrear, and the costs and charges of the landlords; and had not, therefore, properly redeemed the premises; was not entitled to be let into the possession thereof, and was not entitled to the injunction restraining the collection of the rents, which, at the commencement of the action, he had obtained.

During the existence of the injunction just mentioned, the receiver went to the tenants of the premises, and, asserting his authority to receive the rents, succeeded in collecting from some of the tenants, some part of the rents. He also instituted a summary proceeding as landlord, against said John

Terhune, as tenant, to recover possession for non-payment of rent; whereupon the plaintiff, claiming to be the rightful landlord of the premises, and entitled, as against Spratt and the receiver, to the possession thereof, commenced this action, by leave of the court, against the receiver, and applied for an injunction to restrain his interference with the tenants and rents of the premises.

The summons is dated on the 24th October, 1871, and the action was probably commenced on or about that day.

Thereafter, on the 27th day of February, 1872, the defendant paid to the justice who issued the above-mentioned warrant of dispossession, $1,300, "in order to be restored to the said premises, under the lease of the same;" and thereupon he verified and caused to be served, under an order of the court, a supplemental answer, setting forth such payment and alleging that the "sum so paid exceeds all the rent due and in arrear, and the costs legally and properly chargeable against the said tenant, and interest thereon."

This supplemental answer alleges, however, that the whole amount to which the plaintiff was entitled was $2,337.15 for rent, about five dollars for costs and some interest thereon; and "that she has received in rents and profits from the said premises and from the tenants therein, or is properly chargeable with the receipt of $1,600, or about that sum, and from the defendant and from the rents aforesaid, through a receiver in this action, the further sum of $800, and the aforesaid sum of $1,300, making in the whole aggregate $3,700 or upwards."

Under the original and supplemental answer, the defendant claims to be entitled to be repaid the said $1,300, or so much thereof as, on a just accounting, shall be found to belong to him, and to have the complaint dismissed. The supplemental answer alleges that the $1,300 were paid over by the justice to the plaintiff, and sets up such payment by way of counterclaim, as well as by way of defense, to the plaintiff's cause of action. No reply to the supplemental answer has been served.

Crawford agt. Waters.

I think there is a fatal difficulty in the supposed defense set forth in the supplemental answer of the defendant, so far as it is intended to allege therein a redemption under the statute.

It is therein stated that the amount to which the plaintiff was entitled at the time of the payment to the justice of the $1,300, was $2,337.15 for rent, about five dollars for costs, and some interest.

The payment of $1,300 could not satisfy this claim of more than $2,300. The statute (3 *Rev. Stats., p.* 840, 5 *ed.*) reads as follows:

Section 54. "In case of proceedings under the second sub-division of section twenty-eight, title ten, chapter eight of the third part of the Revised Statutes, if the unexpired term of the lease under which the premises are held exceeds five years at the time of issuing the warrant upon such proceedings, the lessee, his assignees or personal representatives may, at any time within one year after possession of the demised premises shall have been delivered to the landlord, pay or tender to the lessor, his representatives or attorney, or to the officer who issued the warrant, all rent in arrear to the time of such payment or tender, and all costs and charges incurred by the landlord; and, in such case, the premises shall be restored to the lessee, who shall hold and enjoy the same without any new lease thereof, according to the terms of the original demise.; and any mortgagee of the lease, or any part thereof, who shall not be in possession of the demised premises, or any judgment creditor of the lessee who shall, within one year after the execution of such warrant, pay all rent in arrear, all costs and charges as aforesaid, and perform all the agreements which ought to be performed by the first lessee, shall not be affected by such recovery; and such judgment creditor may file a suggestion of such payment upon the record, and may issue execution for the amount of the original judgment and of such payment." (*Laws of* 1842, *chap.* 240, § 1.)

The requirements of this statute were not complied with by the defendant when he made payment, to the officer who

issued the warrant, of only $1,300. The payment should have been equal to all rent in arrear at that time, and all costs and charges incurred by the landlord. No redemption of the forfeited possession could be effected under the section of the statute already quoted, by anything less than the payment of all the rent in arrear and the costs and charges.

The statute does not provide that such required payment shall be reduced by so much as the landlord may have received for rents or other income or benefit, during the period of the landlord's possession, subsequent to the execution of the warrant. If the landlord can be called on to account for the rents and income received from the premises during such *interregnum*, it could only be done after a redemption under the statute has been effected, and the lessee is restored to the benefits of the lease of which he was deprived by the dispossession proceedings.

But it is claimed that equity will relieve a tenant from the forfeiture of a lease in all cases where it has been incurred by the neglect to pay a sum of money, which, with the interest thereon, can be calculated with certainty, so that by the payment of the same the landlord can be fully compensated. This, no doubt, is the rule, in equity, independent of the statute, and it is a rule which has been frequently applied (*Jackson* agt. *Brownson*, 7 *Johns. R.*, 235; *Nelson* agt. *Carrington*, 4 *Munf. R.*, 333; *Bracebridge* agt. *Buckley*, 2 *Price R.*, 200; *Corning* agt. *Beach*, 26 *How. Pr. R.*, 289).

The latter case went so far as to adjudge that a judgment creditor of the tenant may have an action for relief in equity, after re-entry, for non-payment of rent under an execution in ejectment, and that the leasehold interest be sold for his benefit, provision being made for compensation and indemnity to the landlord. Courts of equity exercised the power of relieving against forfeiture after judgment in ejectment had been executed. Our statute, in such a case (2 *R. S.*, 506, § 331), practically restricted this power, so that it could not be exercised unless the action for relief was brought within six

months after possession was taken by the landlord under the judgment and execution awarding a re-entry. This, however, is not such a case.

No ejectment was brought nor judgment or execution in ejectment had. The plaintiff took possession under a warrant issued by a magistrate under the provisions of our statutes relative to summary proceedings to recover the possession of land, and the question is, what is the effect of a re-entry under such a warrant?

The statute reads as follows: "§ 43. Whenever a warrant shall be issued as aforesaid by any such magistrate for the removal of any tenant from any demised premises, the contract or agreement for the use of the premises, if any such exists, and the relation of landlord and tenant between the parties, shall be deemed to be canceled and annulled" (3 *R. S.*, *5th ed.*, *p.* 838). It was held in *Hinsdale* agt. *White* (6 *Hill*, 508) that this statutory annulment operated only from the time when the warrant issues, leaving the contract to its full effect previous to that time. It does not follow, therefore, that enforcing a forfeiture in such a manner extinguishes the lease totally, nor does it deprive the landlord of an action for rent due under the lease, which accrued prior to the issuing of the warrant. And if any part of a quarter or term had passed while the tenant was in possession, the rent for which had not become due and payable when the warrant issued, the landlord could maintain an action against the tenant as a trespasser, and recover by way of damages a sum proportionate to the rent for such time (*Id.*, *p.* 511). So it appears there is not a total obliteration of the lease nor of the relation of the parties as landlord and tenant except for the time subsequent to the issuing of the warrant, and even for such subsequent time there is an opportunity for the lessee, his assigns or representatives, or his judgment creditor, under chapter 240 of the Laws of 1842 (*see* 3 *R. S.*, *5th ed.*, *p.* 841) to redeem the forfeiture and to have the premises restored to the lessee thereof, " who shall hold and enjoy the same without any new lease,

according to the terms of the original demise," provided payment or tender be made as required by the statute within one year, and it be a case where the unexpired term of the lease exceeds five years from the issuing of the warrant.

Whether the effect of the statute permitting such redemption has any further extent in abridging the power of a court of equity than to limit the time within which the tenant must apply by action for relief from the forfeiture to the period of one year from the issuing of the warrant is a doubtful question. But it does not seem necessary to determine that question in this action.

It appears in this case that the defendant, who as receiver represents the judgment creditors of Spratt, the tenant of the plaintiff, undertook *bona fide* to redeem the demised premises under the statute, but made a mistake as to the amount which it was necessary to pay or tender in order to effect such redemption. The $1,300 which he paid was too small a sum, and was not equal to the rent in arrear due the plaintiff, as landlord under the lease.

Still, it is alleged, in the supplemental answer, that said $1,300, paid by the defendant to the magistrate who issued the warrant, was paid over by him to the plaintiff, and " that she received *and has retained and kept the same.*"

Now, what is the effect of receiving this money if it was rent which accrued since the re-entry ? Did it waive the judgment of forfeiture ? It is well settled that " any act done by a landlord, knowing of a cause of forfeiture by his tenant, affirming the existence of the lease, and recognizing the lessee as his tenant, is a waiver of such forfeiture " (1 *William Saunders*, 287 ; 2 *Platt on Leases*, 471 ; 1 *Wash. on Real Property*, 454 ; *Taylor's Land. and Ten.*, § 497 ; *Ireland* agt. *Nichols*, 46 *N. Y. Rep.*, 416).

This result follows without reference to the amount of rent received. If any part of the rent be received by the landlord which accrued subsequent to the breach, he again consents to and establishes tenancy, which it was competent for

Crawford agt. Waters.

him to have avoided. But after the landlord has avoided the lease by a judgment, the effect may not be to restore the lease, yet I think it is a parol acknowledgment of a tenancy.

What could be the intention of the plaintiff in receiving the $1,300 as rent, except to acknowledge a tenancy? She could not claim the possession of the premises under her re-entry, and receive rent therefor from a tenant or his representative, for the same time. If a tenancy was thereby created, such tenancy, by parol, would, under our statute, expire on the ensuing first day of May.

There is an allegation in the complaint that the defendant received some rents from the sub-tenants for the month of September, subsequent to his appointment; and it is possible that the $1,300 paid by him were the rents thus received. If that be so, the plaintiff may have thought she was receiving only what was her due under the prior tenancy, and may not have intended a new tenancy, nor to accept anything as from the dispossessed tenant, or any one representing him, for rent accruing subsequent to the warrant in the summary proceedings.

This can only be determined by an accounting, for which purpose there should be a reference. The order of reference should provide for an account to be taken of all sums, and interest, which have accrued and become due to the plaintiff under her lease to Spratt; also of all sums received by her from the tenants, as well as from the defendant; and, on the coming in of the report of the referee, stating the account, such further order or judgment can be made as shall be proper.