(152 App. Div. 552.)

TERWILLIGER v. BROWNING, KING & CO.

(Supreme Court, Appellate Division, Third Department. September 11, 1912.)

1. LANDLORD AND TENANT (§ 295*)—DISPOSSESSED TENANT—REMEDIES.

Code Civ. Proc. § 2256, provides that, where summary proceedings to dispossess a tenant are instituted for nonpayment of rent, and the unexpired term exceeds five years, he may tender the arrears, etc., within a year and be entitled to possession again. Section 2259 authorizes a proceeding to establish the rights of the parties on redemption. Section 2258 authorizes a dispossessing landlord to relet the premises, subject to the tenant's right to dispossess the second tenant. *Held*, that section 2256 is not so far self-acting as to reinstate a tenant on tender, or bind the landlord to put him back in possession, especially where the landlord has relet the premises under section 2258; section 2259 being designed to supplement section 2256.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1271; Dec. Dig. § 295.*]

2. JUDGMENT (§ 553*)—DISPOSSESSED TENANT—REMEDIES.

A tenant, dispossessed for nonpayment of rent, having brought a proceeding under Code Civ. Proc. § 2259, to adjudicate his rights on redemption, wherein he could have offset against his arrearages damages caused by a destruction of the premises for the purposes for which he relet them, he is not entitled, in a subsequent action against the landlord, to recover any damages arising prior to the final order in such proceeding.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 998; Dec. Dig. § 553.*]

3. LANDLORD AND TENANT (§ 314*)—DISPOSSESSION OF TENANT—RIGHTS. OF LANDLORD.

The provisions, under Code Civ. Proc. §§ 2256, 2259, for a redemption of premises by a dispossessed tenant, subject to occupancy by a new tenant, which may be terminated, do not prevent the landlord from relet-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ting the premises and making reasonable alteration's to accommodate the new tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1327; Dec. Dig. § 314.*]

4. LANDLORD AND TENANT (§ 314*)—DISPOSSESSION OF TENANT—REDEMPTION.

A dispossessed tenant, on obtaining an order under Code Civ. Proc. §§ 2256, 2259, directing that he be let into possession on paying a specified amount, after the premises had been relet and altered, to the disadvantage of the purposes for which the dispossessed tenant used them, gave him no greater right against the landlord than a lease would have given; the burden being on him, and not the landlord, to oust the new tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1327; Dec. Dig. § 314.*]

5. LANDLORD AND TENANT (§ 314*)—DISPOSSESSION OF TENANT—REDEMPTION.

The order was an adjudication of the rights of the parties, and binding on both, and an equitable action lies to compel its observance, though an execution or writ of possession could not issue under it.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1327; Dec. Dig. § 314.*]

6. LANDLORD AND TENANT (§ 314*)—CONFORMITY TO PLEADING.

A dispossessed tenant, in suing to enforce an order in a redemption proceeding brought under Code Civ. Proc. §§ 2256, 2259, is not entitled to recover for use and occupation by the landlord, if that relief is not relied upon by the complaint.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1327; Dec. Dig. § 314.*]

Betts, J., dissenting.

Appeal from Special Term, Ulster County.

Action by Frank W. Terwilliger against Browning, King & Co. From an order granting judgment for plaintiff, defendant appeals. Reversed, and motion denied.

See, also, 147 App. Div. 928, 131 N. Y. Supp. 1146.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Robert J. Fox, of New York City, for appellant.
Augustus Van Wyck, of New York City, for respondent.

HOUGHTON, J.   The defendant interposed a demurrer to the plaintiff's complaint, whereupon the plaintiff moved for judgment under the provisions of section 547 of the Code, which motion was granted, with leave to the defendant to withdraw its demurrer and answer.

The complaint alleges that on the 3d day of April, 1908, the defendant leased to the plaintiff premises known as 1265–1269 Broadway in the city of New York, for the term of 16 years; that the plaintiff entered into possession, and so remained until the 25th day of February, 1910, when he was dispossessed by a summary proceeding brought by the defendant for nonpayment of rent; that at the time of the dispossession of the plaintiff the unexpired portion of the lease was more than five years; that within one month after such dispossessing the plaintiff tendered the full amount of rent in arrears, with interest and costs and charges incurred in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

summary proceeding, and demanded possession of the premises, pursuant to the provisions of section 2256 of the Code of Civil Procedure, but the defendant refused to accept the tender, and also refused to deliver possession of the premises to the plaintiff; that thereafter, and on the 20th of July following, the plaintiff brought proceedings in the Municipal Court of the City of New York, in which such dispossess proceedings were had, and before the justice who issued such warrant, pursuant to the provisions of section 2259 of the Code, to redeem such premises, which proceeding resulted in determining the amount which the plaintiff should pay to the defendant in order to redeem, which amount was tendered, and which the defendant refused to receive, and also refused to deliver to the plaintiff possession of the premises, and continues so to do; that such premises were fitted and designed to be used for a Turkish and Russian bath establishment, with proper rooms and appliances therefor, which business the plaintiff was carrying on at the time he was dispossessed, and that immediately after such dispossession the defendant, with intent to injure the plaintiff, and deprive him from redeeming under his lease, and further pursuing the business for which such premises were equipped, leased or sold a material part of said premises to the Hudson Manhattan Railroad Company with the permission and understanding that said bathing establishment should be destroyed; and that said Hudson Manhattan Railroad Company entered into possession, and that such destruction shortly thereafter followed, all to plaintiff's damage in the sum of $200,000.

The order of redemption is annexed to the complaint and made a part thereof, and states the amount of rent the plaintiff was in arrears, and the water rents which he had failed to pay, and the amount due upon a subsidiary lease, fixes the costs and allowances for counsel fee of the landlord, credits the lessee with the amount of rent received by the defendant from the Hudson Manhattan Railroad Company, and adjudges and decrees that, upon plaintiff paying to the defendant the sum fixed, the plaintiff, as tenant, shall be let into possession of the premises in question, subject to the rights, if any, of the railway company. The plaintiff asks us to ignore his plea that he obtained a final order in the redemption proceedings, and to treat his allegations in respect thereto as surplusage, and argues that the complaint states a cause of action for withholding the premises from him, and their destruction for the carrying on of the business for which they were leased, because upon tender of the amount of rent, interest, and costs due on the 24th day of March, 1910, he became entitled to their possession, and that it thereupon became the duty of the defendant to deliver possession of them to him in such condition as permitted their being used for a bathing establishment. If, under the situation presented, we were not compelled to read the complaint as a whole, and if we could eliminate its allegations with regard to the obtaining of the redemption order, we think neither of these propositions can be upheld.

[1] Section 2256 of the Code of Civil Procedure provides that, where summary proceedings to dispossess a tenant are instituted because of default in payment of rent, and the unexpired term of the lease under which the premises are held exceeds five years at the time when the warrant is issued, the lessee may, at any time within one year after the execution of the warrant, pay or tender to the landlord, or his representative, or under certain circumstances to the judge or justice who issued the warrant, all rent in arrear at the time of payment or tender, and all costs and interest thereon, and charges incurred, and concludes as follows:

"Thereupon the person making the payment or tender shall be entitled to the possession of the demised premises under the lease and may hold and enjoy the same according to the terms of the original demise."

This section is a substantial re-enactment of chapter 240 of the Laws of 1842. Under the old law, upon proper tender and refusal by the landlord to accept, it was held that the proper procedure was for the tenant to bring an action to be let into possession. Pursell v. N. Y. Life Ins. & Trust Co., 42 N. Y. Super. Ct. 383; Crawford v. Waters, 46 How. Prac. 210. Upon revision of the Code of Civil Procedure, a summary provision was added by the revisers, being section 2259, whereby a speedy determination of the rights of the parties upon redemption might be had. The section provides that the person redeeming may present to the judge or justice who issued the warrant of dispossession, or to his successor in office, a petition setting forth the facts of the redemption, and praying for an order establishing the rights and liabilities of the parties upon such redemption, whereupon the judge or justice must make an order, returnable in not less than two nor more than ten days, requiring the other party to show cause why the prayer of the petition should not be granted; and upon the return thereof the judge or justice "must hear the allegations and proofs of the parties and must make such a final order as justice requires."

It is quite manifest that a tender within the prescribed time of the proper amount under the old law was not, and under the present section 2256 of the Code is not, so self-acting as to reinstate the tenant in the premises from which he has been evicted, or impose the duty upon the landlord of actively putting him back into possession, especially where he has relet the premises, which section 2258 expressly gives him the right to do, compelling the redeeming tenant to accept such lessee until the 1st day of May next succeeding the redemption. Sections 2256 and 2259 relate each to the other, and must be read together, and the latter section was designed to and did supplement the former, and furnishes, as the revisers of the Code state they designed it should, a "record" of the rights and liabilities of the parties.

[2] But whatever rights the plaintiff may have acquired upon making his tender pursuant to the provisions of section 2256, he did not choose to stand upon them, and we are not called upon to determine what they were, because he presented his petition under the right given him by section 2259, and asked an adjudication between him-

self and his landlord as to his rights, and obtained an adjudication of them from which he did not choose to appeal. That section gives the justice before whom the proceeding is had very broad powers, and directs him to make such a final order "as justice requires." In Bien v. Bixby, 22 Misc. Rep. 126, 48 N. Y. Supp. 810, intermediate the dispossession and the tender of the rent, the landlord had made extensive alteration to the building and incurred other expense, and it was held that in such a proceeding under section 2259 of the Code, aptly termed one "instituted in behalf of the tenant for redemption of the lease and repossession of the premises," although formal tender of the amount of rent actually due, together with the costs and charges of the summary proceeding, was sufficient as forming the basis for the redemption proceedings, the final adjustment of the amount to be paid was not dependent upon the claim for rent, but must proceed upon general principles of equity, and that charges and surcharges should be adjusted.

[3] It is plain that on the proceeding for redemption which the plaintiff instituted he could have proved that the defendant, through its lease to the railroad company, destroyed the premises as a bathing establishment, and thereby caused him injury on his redemption, and could at least have offset such injury against the amount of rent due the defendant, even if he could not have obtained an adjudication that the injury was greater than the amount of rent due. He proved the lease and accepted as an offset the rent which the railway company had paid to the defendant. He having the right to prove damages in such proceeding, so that there might be an equitable adjustment of the differences between himself and his landlord, the defendant, his failure to do so precludes him from claiming any damage prior to the rendition of the final order which was made. His position is not changed by the fact that the defendant may have knowingly or willfully broken up his bathing establishment. The dispossess proceeding terminated the relation of landlord and tenant, at least until redemption was effected. The landlord was not obliged to leave his premises vacant for a year because of the possibility of redemption on the part of the tenant, whom he had dispossessed because he failed to pay his rent. He could rent them and make reasonable alterations for the accommodation of the new tenant. If he willfully destroyed their usefulness for the business of the old tenant, who might redeem, that would afford so much greater reason why, in an equitable adjustment of the differences upon the redemption proceeding, he should be made to pay damages.

[4] Nor is the plaintiff entitled to any damages as such because the defendant refused to let him into possession under the final order. The adjudication is "that the plaintiff shall be let into possession of the premises" upon paying the amount adjudged due. Of course, this was an adjudication that the plaintiff was entitled to possession. A material portion of the premises necessary to be used for the purpose of a bathing establishment was in the possession of the railroad company. This final order, as well as the demand made by plaintiff of defendant, related to the whole premises; and it is

for the withholding of the premises as a whole, and not the immaterial part remaining in defendant's possession and not released, that plaintiff complains. The adjudication that the plaintiff was entitled to possession gave him no greater right as against the landlord than a written lease on the part of the landlord would have given him. Such a lease, as well as the order, gave the plaintiff the right to oust the railway company; for it had held beyond the time permitted by section 2258, and therefore was wrongfully in possession. U. M. Realty & Improvement Co. v. Roth, 193 N. Y. 570, 86 N. E. 544.

[5] Finally, it is urged that the plaintiff had no means of enforcing the order made on the redemption proceeding, as against the defendant, and therefore it gave him no relief, and was in reality a nullity, and must be disregarded. It was an adjudication of the rights of the parties, and binding upon both. Certainly an equitable action would lie to compel its observance and to enforce it, even though an execution or writ of possession could not issue under it. It was not, therefore, a nullity, but gave to the plaintiff a substantial right.

[6] It is true that the defendant continued to occupy the premises, through itself or its tenant, after the rendition of the final order, and an action might possibly be brought against it for use and occupation, if such use and occupation was of greater value than the rent due from the plaintiff. In that sense some damage to the plaintiff may be said to have been suffered. But the complaint is not framed upon any such theory, and a recovery is not sought on any such narrow ground. There is no allegation appropriate to an action for use and occupation, and no statement that such use was of greater value than the stipulated rent. The respondent does not urge that the complaint states a cause of action on any such theory, and we do not think it does.

If we are right in our conclusions that the plaintiff is barred by his final order, obtained in the redemption proceedings, from claiming any further damages than those provided for therein, and that he must stand on such rights as he obtained thereby, irrespective of such advantages as accrued to him from his original tender, which he elected to abandon by asking for such final order, and that he could proceed thereunder to oust the railway company and compel the defendant to yield possession to him, it follows that the complaint does not state facts sufficient to constitute a cause of action, and that the order granting judgment to the plaintiff should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to the plaintiff to amend his complaint upon paying the same. All concur, except BETTS, J., who dissents and votes for affirmance.

137 N.Y.S.—37