(165 App. Div. 799)

TERWILLIGER v. BROWNING, KING & CO.    (No. 336–70.)

(Supreme Court, Appellate Division, Third Department.    January 15, 1915.)

LANDLORD AND TENANT (§ 318*)—DISPOSSESSION—REDEMPTION—REFUSAL TO RESTORE—COMPLAINT FOR DAMAGES.

The complaint of a tenant, dispossessed for nonpayment of rent, when the unexpired term exceeded five years, against his landlord, for damages for refusal to allow him to enter and take possession, he having obtained an order of redemption, and the landlord, in the meantime, having changed the premises and leased to another for a different kind of business, *held* not to state a cause of action.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1345–1348; Dec. Dig. § 318.*]

Woodward and Howard, JJ., dissenting.

Appeal from Special Term, Ulster County.

Action by Frank W. Terwilliger against Browning, King & Co. From a judgment for defendant, on a decision on a demurrer, the

ground stated being that the complaint did not state facts sufficient to constitute a cause of action, plaintiff appeals.   Affirmed.

See, also, 157 App. Div. 885, 141 N. Y. Supp. 1148.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Abraham Feinstein, of Brooklyn (Augustus Van Wyck, of New York City, of counsel), for appellant.

Charles P. Northrop, Robert J. Fox, and Charles H. Edwards, all of New York City, for respondent.

SMITH, P. J.   The complaint in this action avers that the plaintiff is a resident of the county of Ulster, this state, and that the defendant is a foreign corporation doing business in the state of New York; that on or about the 3d day of April, 1908, the plaintiff and defendant entered into a written agreement for the rental of premises known as Nos. 1265, 1267, and 1269 Broadway, New York, for the term of 16 years, to be used and occupied as a Turkish and Russian bath establishment, and "which were then fully equipped for such use"; that said premises were properly supplied with swimming pools, hot rooms, etc.; that thereafter, and on or about the 23d day of February, 1910, a warrant was issued at the instance of the lessor, awarding possession of said premises to the defendant in this action, for holding over after default in payment of rent, said warrant issuing out of the Municipal Court of the City of New York, and that on or about the 25th day of February, 1910, the plaintiff was ousted from the said premises by the defendant; that the unexpired term of the lease mentioned herein, and under which the plaintiff held at the time of his dispossession as set forth in the fifth paragraph of the complaint, exceeded five years; that thereafter, and on or about March 24, 1910, plaintiff tendered to the defendant all rent in arrears at that time, with interest thereupon, and the costs and charges incurred by the defendant in the summary proceedings set forth in the complaint, and demanded possession of the premises described in the lease, but that said defendant absolutely refused to deliver possession of said premises to the plaintiff, and still refused to do so, and interfered with the plaintiff's occupancy and enjoyment of the demised premises; that after dispossessing said plaintiff as aforesaid the defendant wrongfully and unlawfully, and with intent to injure the plaintiff and deprive him of his right to redeem, or to regain possession of said premises in a condition to be used as a Turkish and Russian bath establishment, and to deprive the plaintiff of his right under said lease of further pursuing and maintaining said business in said above-mentioned premises, so formerly occupied by the plaintiff, destroyed or caused to be destroyed the swimming pools in such use at the time of such dispossession, with which the said premises were equipped, and such equipments were so destroyed that the said premises could not further be maintained and used for said business; that on or about the 20th day of July, 1910, plaintiff instituted a proceeding against the defendant in the Municipal Court to redeem said premises, and on or about the 2d day of August, 1910, an order was made awarding this plaintiff possession of said premises on pay-

ment of the amount stated therein, and said order was on or about the 30th day of July, 1910, filed and entered in the office of the clerk of said court, and a copy of this order was duly served upon the defendant. (There is evidently some confusion in the dates above mentioned, but these may be disregarded.) The complaint then continues: That thereafter, and on or about the 3d day of August, 1910, the plaintiff, in pursuance of said order, tendered to the defendant the amount therein stated and fixed, and demanded possession of the premises, and that the defendant failed,· refused, and neglected, and still refuses, to deliver the said premises to plaintiff, or permit plaintiff to secure possession of said premises, and plaintiff is still unable to obtain possession of said premises; that the rental value of the leased premises, ever since such refusal to allow plaintiff to re-enter in possession of said premises or any part thereof, is $3,000 per month more than that provided for in the lease mentioned, and the plaintiff is damaged in the sum of $200,000 by reason of such refusal of said defendant to allow plaintiff to re-enter and take possession of said premises. The complaint then demands judgment for the amount of the damages alleged to have been sustained.

The defendant demurred to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action, and the learned court at Special Term, holding that the complaint was not changed in its essential elements from the complaint as it appeared upon a former appeal to this court (152 App. Div. 552, 137 N. Y. Supp. 572), sustained the demurrer, granting leave to the plaintiff to amend. This privilege not having been availed of, judgment has been entered dismissing the complaint, and from this judgment the plaintiff appeals to this court.

After a tenant is dispossessed his rent ceases. According to the opinion of Mr. Justice WOODWARD the landlord is nevertheless required to hold the property for one year in readiness for the use of the ejected tenant, in case he should elect to redeem. If chance should arise to relet the property meantime, he may not relet it if the needs of the new tenant require changes which will interfere with the use by the ejected tenant in case of redemption. For this denial to the landlord of the free use of his property he gets no compensation whatever, unless the ejected tenant within a year elects to redeem.

But the statute should not be so construed. The right to relet is expressly recognized by the statute itself, and the condition imposed that in case of redemption the new lease expires on the 1st day of the succeeding May. The right to relet carries with it by necessary implication the right to make such alterations as are reasonably necessary to adapt the premises to the uses of the new tenant. The Legislature never intended to restrict the right of the landlord in the free use of his property in favor of the tenant, ejected by his own fault, during the one-year period in which the tenant was under no obligation to pay rent. This is a favor granted by the Legislature to the defaulting tenant. It certainly should not be held to extend to the confiscation of the property of the innocent landlord. If within the year the tenant elected to redeem, he took the property as he found it, subject only to the

right of the new tenant to remain until the succeeding May. The complaint, by the exhibits attached, shows that the premises were relet to a railway company. The alterations required to adapt a bath-house to the use of a railway company would necessarily be radical, and would naturally render the premises unfit for a bath-house. Where such alterations could lawfully be made as would destroy the practical use of the premises as a bath-house, it is not enough to state a cause of action to allege that such changes were wrongfully made, or made with vicious intent. It must be alleged, further, either that the new lease was not made in good faith, or that the alterations made in the premises were unnecessary or inappropriate to the uses of the new tenant. No such allegations appear in the complaint. The defendant's purpose in doing lawful acts is immaterial. While the complaint does not specifically state that such alterations were the acts alleged to · have been unlawful, it shows that the dispossess warrant was signed on February 25th, and the new lease made only four days thereafter, and, as such alterations as were necessarily made for the purposes of the new lease would destroy the adaptability of the premises for a bath-house, it may fairly be inferred that .these were the changes claimed to have been made unlawfully and with wrongful intent.

Complaint is further made that, after the order of the Municipal Court authorizing redemption, the defendant upon demand refused to deliver to plaintiff said premises. It appears, however, that the larger part of the premises were in possession of the new tenant, and defendant could not deliver possession. It is not alleged that the part thereof remaining in defendant's possession was demanded, or possession thereof refused. Plaintiff was not entitled to the possession of the property relet until the succeeding May, and after that his right to demand possession was of the new tenant, and not of the landlord. Gardner v. Keteltas, 3 Hill, 330, 38 Am. Dec. 637. The defendant has been guilty of no wrong to plaintiff, and is not liable to him for any damages whatever.

It does not follow that plaintiff has no remedy. Under the statute he may recover the property from the new· tenant after the 1st of May after the redemption. If the property has been rendered unfit for his use, he still may be subrogated to the rights of the landlord in the new lease, as long as he pays to the landlord the rent reserved in his lease. U. M. Realty & Improvement Co. v. Roth, 193 N. Y. 570, 86 N. E. 544. The complaint herein, however, does not allege any demand of defendant for any such rights, nor does it ask such relief.

When this action was before this court upon a prior appeal (152 App. Div.: 552, 137 N. Y. Supp. 572) we held that to the Municipal Court, which authorized the redemption, was given jurisdiction to determine the rights and liabilities of the parties, and that the terms imposed by its order should be conclusive of the rights of both parties. To this view we still adhere, and we deem that decision a controlling authority. I have been led to discuss the case from another standpoint, however, by reason of the learned opinion of my Associate, questioning the jurisdiction of the Municipal Court to determine the

liability of the defendant for the acts here complained of.    Upon both grounds, therefore, this judgment should be affirmed.

Judgment affirmed, with costs.

LYON, J., concurs.   KELLOGG, J., concurs in result.

WOODWARD, J. (dissenting).   I agree with the learned court at Special Term that the complaint is substantially identical, so far as it relates to the question presented by the demurrer, with that which was before this court on the former appeal, and it was obviously proper for the court to sustain the demurrer.   In practical effect, the question is now before this court upon a reargument, and if there were matters not called to the attention of the court upon the previous argument, which would have materially changed the views of the members of the court, if presented, it is not improper that an intermediate appellate court, in the presence of new light and in the discharge of its obligations to support and sustain the Constitution and the laws of the state, should take a different view of the law as applied to the facts presented by the complaint.   We will therefore close our eyes for the present to the fact that this court has committed itself to the defendant's theory, and enter upon an independent consideration of the law which ought to be applied to the facts as they concededly exist under the rules governing a demurrer.

There is no question here as to the regularity of the proceedings for dispossessing the plaintiff.   It is not questioned that he was lawfully dispossessed of the premises.   These premises were leased by the plaintiff for the purpose of conducting a Russian and Turkish bath-house, and it is admitted that the premises were specially equipped for this purpose.   The lease was for a period of 16 years from the 3d day of April, 1908, and the plaintiff was dispossessed on the 25th day of February, 1910, so that under its terms the plaintiff would have been entitled to possession for something over 14 years, if he had paid the rentals reserved in the lease.   It is true, as pointed out by the defendant, that ordinarily the issuing of a warrant for the removal of a tenant from demised premises cancels the agreement for the use of the premises, if any, under which the person removed held them, and annuls, accordingly, the relation of landlord and tenant (section 2253, Code Civil Procedure); but there are some limitations upon this rule.   We are to read the statute governing summary proceedings as a whole, giving effect to each of its provisions, and it clearly appears from a reading of section 2256 of the Code of Civil Procedure that where the "lessee holds over, after a default in the payment of rent, and the unexpired term of the lease, under which the premises are held exceeds five years, at the time when the warrant is issued," there is an exception to this rule.   In that case it is provided that:

"The lessee, his executor, administrator, or assignee, may, at any time within one year after the execution of the warrant, pay or tender to the petitioner, his heir, executor, administrator, or assignee, * * * all rent in arrear at the time of the payment or tender, with interest thereupon, and the costs and charges incurred by the petitioner.   Thereupon the person mak-

ing the payment or tender, shall be entitled to the possession of the demised premises, *under the lease, and may hold and enjoy the same, according to the terms of the original demise,* except as otherwise prescribed in the next section but one."

That is, while the warrant generally dissolves the relation—and in the absence of affirmative action on the part of the lessee for a period of one year this result continues, except as provided by section 2257 of the Code of Civil Procedure—where there are five years or more of the term depending the law has provided that the lessee may have a right of redemption, and if this privilege is exercised it operates to restore the relations of the parties under the original contract, and thus be deemed to relate back to the time of the dispossession, except in so far as it is modified by section 2258 of the Code of Civil Procedure. This is an exception from the broad language of section 2253 of the Code of Civil Procedure, and it writes into every contract of lease for a period exceeding five years the provision that, where the default is merely in the payment of rent, the party dispossessed may, upon making proper compensation and paying the costs and charges involved in the special proceeding, be restored to his rights where there are more than five years to run, and he is to have possession of the premises "under the lease," so that it is clear that the Legislature did not intend that the issuing of the warrant under these special circumstances was to terminate the relations created by the contract, unless the lessee waived such rights.

To put the matter into another light: The law recognizes in a lease for a term of years exceeding five a peculiar property right, and one which it is not willing to dispose of in a summary proceeding in a court of inferior jurisdiction on a mere default in the payment of rent, which might be caused by any one of thousands of accidents over which the lessee would have no control. To this end it introduces the equitable principle of redemption, and it does not confine this right to the lessee alone; but it is extended, under the provisions of section 2257 of the Code of Civil Procedure, to "a judgment creditor of the lessee, whose judgment was docketed in the county, before the precept was issued, or a mortgagee of the lease, whose mortgage was duly recorded, in the county, before the precept was issued," upon the condition that such persons shall give notice within one year, whereupon they are permitted to act upon the days immediately following the expiration of the year in the order of their claims.

Every owner of property who makes a lease for more than five years makes it with this condition imposed upon it by law, subject to the limitation that, where he has made a new lease of the premises while the original tenant is out of possession by virtue of the warrant, such new lessee, by complying with the terms of the lease, may remain in possession of the premises so leased up to 12 o'clock, noon, of the 1st day of May next succeeding the redemption. Section 2258, Code Civil Procedure. The owner leases his property under these restrictions. He is bound for a period of one year, and a few days thereafter, depending upon special circumstances, to keep the premises in a position to respond to the rights of the lessee and those having liens upon the same, where the unexpired term has more than five years

to run and the default is merely in the payment of the rent reserved; and it must be obvious that he cannot, without the consent of interested parties, lawfully lease the premises for a use which in its nature must destroy the premises for their enjoyment "according to the terms of the original demise." Section 2256, Code Civil Procedure. To thus put it out of the power of the lessor to fulfill the requirements of the law, either to the lessee or to those whose liens are given rights under the statute, is to work an actionable wrong upon the lessee and the lienors.

When, therefore, the plaintiff showed that his lease had more than five years to run, that he was dispossessed merely upon the ground that he had failed to pay his rent, that he had tendered a proper amount to discharge the rent and the other costs and expenses of the proceeding and demanded to be reinstated under his lease, and that the defendant had refused such possession and had placed itself in a position where the plaintiff could not "hold and enjoy" the premises "according to the terms of the original demise," which involved the premises in substantially the condition in which they were delivered and existed under the lease at the time of the issuing of the warrant, he had set forth facts which entitled him to recover his damages, unless he was estopped to assert such right by reason of the further allegations of his complaint in reference to his efforts under the provisions of section 2259 of the Code of Civil Procedure.

The plaintiff was, under the facts appearing in the complaint, entitled to the possession of the premises on the 24th day of March, 1910, unless the defendant had, in the interval, leased them to some third party, in which event he was entitled to such possession on the 1st day of the May following, and he was entitled to such possession "under the lease" and "to hold and enjoy the same according to the terms of the original demise," etc. He had a property right in the lease from the moment that he complied with the conditions imposed by the statute, and this was a right to the premises demised, in their original condition, for the remainder of the term of 16 years. This property value is claimed in the complaint to aggregate the sum of $200,000, and it seems to me entirely clear that the Legislature never intended that a man should sacrifice his property rights by pursuing the statutory provisions designed to preserve them. The provisions of section 2256, while establishing the rights of the lessee upon his complying with the conditions named, is not self-executing. The lessee or those holding liens upon the lease are deemed to have redeemed the same by complying with the conditions imposed, as appears from a reading of sections 2258, 2259, of the Code of Civil Procedure; but the Legislature recognized the fact that there must of necessity be occasion for dispute as to whether the parties had paid the amount of rent and interest due, or the proper costs and disbursements, whether there had been a proper rental of the premises in the interim, and the amount which was due to the tenant during the period which the premises had been in the possession of a third person, etc., and to meet this condition it was provided that:

The "person redeeming, * * * or the owner of the property so redeemed, may present to the judge or justice who issued the warrant, or to his

successor in office, a petition, duly verified, setting forth the facts of the redemption, and praying for an order, establishing the rights and liabilities of the parties upon the redemption," whereupon the judge or justice must make an order to show cause, and upon the "return thereof, the judge or justice must hear the allegations and proofs of the parties, and must make such a final order as justice requires. * * * The final order, or a certified copy thereof, may be recorded in like manner as a deed. A person, other than the lessee, who redeems as prescribed in the last three sections, succeeds to all the duties and liabilities of the lessee, accruing after the redemption, as if he was named as lessee in the lease." Section 2259, Code Civil Procedure.

If we assume that the plaintiff's vested property right in this lease was worth $200,000, or any other substantial sum, it must be entirely obvious that the Legislature never intended to compel him to submit these rights to a tribunal such as is given jurisdiction of summary proceedings, as fixed by section 2234 of the Code of Civil Procedure. While such a provision might, under some circumstances, constitute due process of law, it would not be that equal protection of the laws demanded by the fourteenth amendment, which requires the protection of equal laws (Yick Wo v. Hopkins, 118 U. S. 356, 369, 6 Sup. Ct. 1064, 30 L. Ed. 220), for in the ordinary course of proceedings men are not deprived of their important property rights by the determination of a single judge of a court not of record, upon process served on two days notice. Section 2259, Code Civil Procedure. The trial by jury, the service of pleadings, and an opportunity to answer and to prepare for trial, are guaranteed to men generally where their substantial property rights are involved, and no good reason occurs to me why the plaintiff in the present case is not entitled to these safeguards, or why they should have been denied to him. It seems to have been recognized upon the former appeal that the complaint stated a cause of action, except for the fact that the plaintiff, after stating the facts which would entitle him to relief, added the allegation that he had proceeded under the provisions of section 2259 of the Code of Civil Procedure and had secured a final order. This was deemed fatal, relying largely upon the authority of Bien v. Bixby, 22 Misc. Rep. 126, 48 N. Y. Supp. 810, on the theory that the final order, not appealed from, became res adjudicata as against the plaintiff.

While it is doubtless true that the case of Bien v. Bixby, supra, was determined in accordance with the substantial principles of equity, I am not prepared to hold that that case establishes the law for the present case, nor am I willing to subscribe to the doctrine that a landlord, disposssessing a tenant for nonpayment of rent where there is more than five years of the term yet to run, may "still be allowed the items of expense undergone by him in compliance with the orders of the building department, and in making alterations which were essential to the successful management of the property, if, upon general principles of justice and equity, the tenant should be charged with the expense" (Bien v. Bixby, 22 Misc. Rep. 129, 48 N. Y. Supp. 813), unless such rights have been reserved in the lease. When a party rents premises for a long term of years for a particular purpose, he rents them with the provisions of the statute constituting a part of the contract. The property becomes dedicated to the uses of the tenant for the full term, subject to the right of the landlord to dis-

possess him for nonpayment of rent, and with this right of the landlord limited to a dispossession, which shall not become final as against the tenant for a period of one year, nor against a mortgagee or judgment creditor for a period extending beyond the year under certain circumstances; and while it is not to be doubted that the statute contemplates that a landlord may rent the premises in the meantime, there is no authority in the law for the landlord to make such alterations in the building as would prevent the tenant, any time within the year, coming into possession of the same and holding and enjoying them under the original contract. That is the clear and unmistakable intent of the statute. It is designed to protect the tenant under a long lease from the calamity of having his investment ruined by a temporary default in the payment of rent, and if the landlord wants to make changes in the premises in such an event he should provide for it in the lease. He has no right to make a new contract, nor to increase the investment of the tenant without the latter's consent.

The original contract under the law gives a tenant the right to possession upon complying with the conditions any time within one year of the default. He has contracted for that privilege, and the contract is breached the moment the landlord makes any material alteration in the premises, which would prevent the plaintiff entering into the full enjoyment of the same in the condition existing at the time of the default and the issuing of the warrant to dispossess. Any other construction of the statute would enable the landlord, by his own wrongful act, to defeat the purpose of the law, both as it relates to the tenant and those whose rights are covered by the provisions of the statute. In the case of Bien v. Bixby the landlord owned the land and the tenant owned the building, under a contract which provided for the purchase of the building by the landlord at a fixed price at the end of the term. The tenant was dispossessed for nonpayment of rent, and removed from the building certain equipment used for a concert hall. The landlord made certain repairs and alterations in the building, required by the public authorities, and also equipped the premises for a theater. Under the lease the tenant was required to make all repairs, and it is entirely probable that he would have been required to make the changes demanded by the public authorities in the exercise of the police power, and it may be conceded that, under the provisions of section 2259 of the Code of Civil Procedure, the court would have power to require the tenant to make good an expenditure which the landlord made under such circumstances as a condition of issuing the order for repossession, and the change in the equipment does not appear to have been very substantial.

But it is one thing to require the tenant to perform all his covenants as a condition of being reinstated, and quite another to deny to the tenant the possession of the premises in the condition in which they were adapted for his business, upon his fulfilling all of the requirements of the statute and performing all of the covenants of his lease, and to hold that he is barred from all remedy because he has submitted these questions to the adjudication of a municipal court. So far as Bien v. Bixby, supra, held that the defaults of the tenant

under the covenants of his lease could be used as a shield to the landlord in a proceeding for reinstatement, as was suggested upon the first appeal in that case (Bien v. Bixby, 18 Misc. Rep. 415, 421, 41 N. Y. Supp. 433), I am of opinion that it was well decided; but the subsequent assertion of general equitable powers in a district court, such as is to be found in the same case upon a subsequent appeal (22 Misc. Rep. 126, 129, 48 N. Y. Supp. 810), seems to me to have overlooked important constitutional limitations upon the jurisdiction of local and inferior courts. No man is estopped by a judgment or order of a court not having jurisdiction of the subject-matter, and while a district court might be permitted to have a right to deny relief to one who refused to perform the conditions of his contract while asking for relief against his own default—while the Legislature might impose such a condition upon the tenant—the question is presented in a very different light where the landlord himself has violated the conditions of the contract and has worked damages upon the tenant which are beyond the jurisdiction of such a court.

Suppose, for instance, that the owner of the premises—and his rights are exactly the same as those of the person redeeming (section 2259, Code Civil Procedure)—had presented to the judge or justice who issued the warrant a petition, duly verified, setting forth the facts of the redemption (not the facts in relation to the conduct of the landlord in the interim), and praying for an order establishing the rights and liabilities of the parties upon the redemption (Code Civil Procedure, § 2259), and the tenant had offered a counterclaim for his damages for the wrongful change in the premises, making reoccupation under the lease impossible, is there any doubt that he would have been met with the proposition that the court was without jurisdiction of the subject-matter? Is there any doubt, upon such a petition, that the court would be limited to the determination of the "rights and liabilities of the parties upon the redemption"? Upon a petition "setting forth the facts of the redemption," would the court gain any jurisdiction of an action for the breach of the contract on the part of the owner? That has nothing to do with the facts of redemption; it is a distinct, affirmative act of misconduct on the part of the owner of the premises against the contract rights of the tenant, involving questions which are clearly beyond the jurisdiction of an inferior local court.

McAdam on Landlord and Tenant, volume 2 (3d Ed.) 1426, says:

"By the amendment of 1893, authorizing a tenant to plead in summary proceedings any defense, legal or equitable, it was not contemplated that equity jurisdiction should attach to courts of local and inferior jurisdiction to the extent of enabling them to grant affirmative equitable relief of the nature afforded by a cross-bill or otherwise."

And O'Brien, J., in a dissenting opinion, with whom Hatch, J., concurs, in Natkins v. Wetterer, 76 App. Div. 93, 101, 78 N. Y. Supp. 713, 719, says:

"And the learned author of that work might have added that the attempt of the Legislature to enlarge the jurisdiction of such an inferior court not of record would seemingly be in contravention of section 18 of article 6 of the Constitution of the state of New York, which provides: 'Inferior local

courts * * * .may be established by the Legislature, but no inferior local court hereafter created shall be a court of record. The Legislature shall not hereafter confer upon any inferior or local court of its creation any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon County Courts by or under this article.' "

In Simon v. Schmitt, 137 App. Div. 625, 627, 122 N. Y. Supp. 421, the court held unanimously that a Municipal Court in a summary proceeding was without authority, under the Constitution, to adjudicate a party's right to specific performance of a contract, placing the same construction upon the Constitution suggested by O'Brien, J., in the case above cited. See, also, Stevenson Brewing Co. v. Junction Realty Co., 156 App. Div. 271, 276, 141 N. Y. Supp. 271, and authorities there cited.

Jurisdiction in summary proceedings is confined to courts of inferior jurisdiction, the largest jurisdiction being that of the County Court (section 2234, Code Civil Procedure), and, as the Legislature is forbidden to confer upon local courts jurisdiction of any kind in excess of that conferred upon County Courts (Const. § 18, art. 6), and such jurisdiction is confined to actions to recover a sum of money only where the amount demanded does not exceed $2,000 (Const. art. 6, § 14), it follows that the plaintiff in this action could not have litigated the issue here presented before the Municipal Court whence the original warrant issued. His cause of action is not separable. He could not present the question of damages, for his demand would be in excess of the jurisdiction of the court, which would have no power to enforce its order. The court being without jurisdiction of the subject-matter of the plaintiff's cause of action, it is our duty to construe the statute in harmony with the Constitution (Simon v. Schmitt, 137 App. Div. 625, 627, 122 N. Y. Supp. 421), and such a construction must, at least, limit the provisions of section 2259 of the Code of Civil Procedure to the determination of those incidental questions upon which the right of the tenant to be put into "possession of the demised premises under the lease," and to "hold and enjoy the same, according to the terms of the original demise," depends, and to exclude jurisdiction of the cause of action here attempted to be asserted. Thus construed, it has its legitimate field of operation. It determines all of the questions relating to the right of the tenant to have the possession prescribed by the statute, and the plaintiff has a cause of action because the defendant has placed himself in a position where he cannot comply with the conditions of his contract.

If the premises had remained in their original condition, or substantially so, leaving the plaintiff free to re-enter "under the lease" and "according to the terms of the original demise," it might be that the tenant himself would have been authorized to oust the temporary tenant, who had been put into possession by the defendant; but no such situation is here presented. The defendant, immediately on the removal of the plaintiff, put a third party into possession and authorized the destruction of the equipment of the bath-house, so that it became useless for that purpose—for the purpose for which the plaintiff had leased it. The defendant practically evicted the plaintiff from the premises, in violation of the terms and conditions of the contract

of lease, and for this wrongful ouster it seems clear to me that the plaintiff has a good cause of action, and one which he has well stated in the complaint now under consideration.

The judgment appealed from should be reversed, and the demurrer should be overruled, with costs.

HOWARD, J., concurs.