ANNA B. BAKER, executrix, &c., respondent,

*v.*

CHARLES SOLTAU et al., appellants.

[Decided February 1st, 1923.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Bentley, who filed the following opinion:

"The bill in this case is filed by the executrix of Richard S. Baker, deceased, for the construction of an attempt to draw a holographic codicil; to the sufficiency of this no question is presented by either of the parties. The instrument in question is as follows:

" 'I give, devise and bequeath to Albert W. Baker my one-half undivided interest in the firm of Soltau & Baker, 104 Washington street, N. Y., consisting store fixtures, produce and supplies on hand, horse and wagon, my one-half undivided interest in our cress beds, real estate and personal property at Bonnybrook and Spotsdam, in Cumberland county, Pa., also my one-half undivided interest in our real estate and personal property in Jefferson and Knox counties, Tenn. December 12th, 1916.'

"The complainant claims the decedent's one-half interest in the firm bank account under the preceding language as the residuary legatee.

"The answer of the defendants admits all of the allegations in the bill, but asks for a construction of the codicil that will result in the one-half interest in the bank account going to the defendant Albert W. Baker, and a further defence which, in substance, recites that the complainant called upon the defendant for the sum of $176.36, being the amount of the defendant Baker's share of the inheritance transfer tax to the State of New York, which sum was paid by him to the complainant and accepted by her, wherefrom an estoppel is claimed.

"It seems to me clear that the language of the codicil following the word 'consisting' is descriptive of the extent of the one-half undivided interest in the firm that was bequeathed by the decedent. While this instrument was very inartifically drawn, I think there can be no question of the propriety of drawing the inference that the testator meant to write 'consisting of store, fixtures, produce,' &c. In fact, defendants' counsel see no objection thereto, either in his oral argument or in the brief subsequently submitted by him.

"Under the case of *Evens* v. *Griscom, 42 N. J. Law 579,* and the cases cited by Chief-Justice Beasley, there can be no question that the testator intended to restrict the interest bequeathed to the specific items mentioned by him.

"Counsel refer to the language of Vice-Chancellor Pitney in *Sites* v. *Eldredge, 45 N. J. Eq. 632,* which I do not think is a parallel case. In that instance the testator undertook to give to his wife 'all my real and personal estate, consisting of clothing, jewelry, money' and a number of other items of personal property. The question in that proceeding was to determine whether or not the subsequent demonstration necessarily excluded the devise of his real estate, and the vice-chancellor very readily and easily decided that it did.

"It is apparent that no assistance is obtained from that opinion, and it might be pointed out that in the last paragraph the vice-chancellor wandered into the realm of specu-

lation merely by way of illustration, inasmuch as his own opinion alluded to the elementary principle that such was no way to construe the language of a testamentary instrument. Counsel have both quoted authorities as to the distinction between the word 'consisting' and the word 'including.' There can be no serious difference of opinion that they are not synonymous and that where a bequest is subsequently qualified by an inventory headed by the phrase 'consisting of' it is determinative of the extent of the bequest; whereas a similar provision, followed by the word 'including,' would not by necessary implication exclude items other than those mentioned.

"With regard to the second defence of estoppel, I was first somewhat impressed until the proceedings before the New York transfer tax attorney were explained. It appears that it was necessary to make a return to the New York authorities of all the property of the testator in the State of New York, including his interest in the firm of Soltau & Baker. For that purpose there was secured from the defendants a statement of an accountant, and that was submitted to the transfer tax attorney. He, not the executrix, then apportioned the tax as between her and the defendant Baker and submitted a copy thereof to counsel for the complainant. He, acting for the complainant, then communicated with the defendant, who, notwithstanding that the proofs show there was a controversy as to the effect of the codicil in this case between him and the complainant, sent his check to her, which was accepted by her. I do not think that he can now expect to set this up by way of estoppel against her claim.

"Estoppel is defined in *Pom. Eq. Jur.* (§ *804*) as follows:

" 'Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, of contract, or of remedy.'

"It must be apparent that the facts in this case do not bring the conduct of either of the parties within the language quoted. I am inclined to the belief that the defendant Baker was in no manner misled by the complainant, and had quite as much information and knowledge of the transaction as she had. On the argument complainant's counsel practically admitted, as I think he should, that the defendant Baker is entitled to recover back from the complainant the said sum of $176.36 so paid by him to her under a mistake.

"I will advise a decree in accordance with the conclusions of this memorandum.

"Since the foregoing part of this memorandum was written, a very earnest supplemental brief on behalf of the defendants, dealing with the argument of the complainant on the defence of estoppel, has been received; but after equally earnest attention to the argument therein I see no reason to change my opinion.

"The defendant says that there was no foundation in the proofs for complainant's argument, that when the defendant Baker sent his check previously mentioned, 'he intended to use the fact of such payment as an estoppel,' and the further allegation 'that he made it with the purpose and design of bettering his own position and to plead his own act as an estoppel against the complainant.'

"It seems to me that the testimony of Mr. King was ample ground from which he might argue as indicated, and I feel compelled to come to the same conclusion that he urges. His testimony was that almost immediately after the death of the testator, as I recall it, although it is of no particular moment, even before this defendant had engaged counsel, he urged the construction of the codicil for which he now contends, and that in April, six months later, he should have complied with the request for the sum of money sent by him is not consistent with his present demand, when it is recalled that neither Mrs. Baker nor her counsel, with whom the defendant had discussed the matter, had changed their respective views in the slightest.

"I am firmly convinced that Baker, who is not as unsophisticated as counsel would like him to appear, acting upon his own impulse, cheerfully subscribed $176.36, for the purpose of securing to himself half of a very considerable amount of money in bank. It is beyond me to understand, in view of the complete knowledge this defendant had of the subject, how the determination of the transfer tax attorney or the surrogate in New York can be binding upon this court in the construction of the instrument that is at the bottom of the issue here. This seems so clear to me as to require neither citation of authorities nor the presentation of argument.

"Notwithstanding the supplemental brief of the learned counsel for the defendant Baker, I see no reason to alter the conclusions hereinabove expressed."

*Messrs. King & Vogt,* for the respondent.

*Mr. Charles A. Rathbun,* for the appellants.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Bentley.

*For affirmance* — THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—15.

*For reversal*—None.