This the plaintiff's appeal from a judgment for defendants entered in the District Court of the Second Judicial District of the County of Bergen.
Harold O. Cox and Melba Valle brought suit, in the name of the State, against the defendants under the Civil Rights statute,R.S. 10:1-1 et seq. A voluntary non-suit was taken in the Cox action and therefore we are not concerned therewith.
The amended state of demand set forth that the plaintiff, a negress, on June 29, 1947 purchased an admission ticket to Palisades Amusement Park; that thereafter she caused to be bought a ticket to the swimming pool and bathhouse which she offered to the defendants requesting admission, but that the defendants denied her the accommodations, advantages, facilities and privileges of the public bathhouse and swimming pool because of her race and color. She concluded with a demand for the maximum penalty provided for in the statute.
Plaintiff's first three points deal with the action of the trial judge in trying the cause without a jury. Specifically, the asserted errors consisted in permitting the defendants to waive a jury trial in the particular circumstances of the case; in denying plaintiff's application for a jury trial, and finally it is said that the court, under the circumstances hereinafter set forth, had no jurisdiction to try the action without a jury. The summons was served on July 22, 1947, returnable July 31, 1947. Two days after service the defendants filed a written demand for jury and paid the requisite fee to the clerk. On February 4, 1948, the date set for trial, the defendants applied to the court to waive the jury previously demanded and the court over plaintiff's objection granted the application. Plaintiff then moved the court for leave "to pay the necessary fee which we deposit with the Court now and ask that the case proceed with a jury, and we tender the amount of money to the Court for the jury fee." The motion was denied. *Page 98 
The applicable statute, R.S. 2:32-107 reads:
"Unless a demand for a trial by jury is made and notice thereof filed with the clerk of the court within and no later than ten days from the return day of the summons, and unless the party making the demand pays, at the time of making the demand, the cost of the venire, the demand shall be deemed to be waived, except that the judge may, in his discretion, grant a venire at plaintiff's expense, to be taxed in the costs of the action, notwithstanding the failure to make demand as herein provided;provided, however, that this section shall not apply to cases in which a judgment has been entered prior to a demand for a trial by jury."
Under the statute, if either party properly demands a jury, the demanding party's right thereto is absolute and the court is deprived of jurisdiction to try the case otherwise than by jury.Tambe v. Otto, 113 N.J. Law 71. (Sup.Ct. 1934). Obviously the legislature had in mind the possibility that a situation might arise in which although the demand for jury was not made as provided, nevertheless the power should be given the judge, in his discretion, to grant a venire, hence the exception.
Where one party has demanded a jury trial in conformity with the statute and subsequently waives a trial by jury at a time when the adverse party may no longer, as a matter of right, demand a jury trial, a situation arises which is not covered by the statute, nor is there any case law in this State. In other jurisdictions where a like situation has arisen under similar statutes, it has been held that a demand by one party to an action inures to the benefit of the other party. 50 C.J.S. p.
805, Juries, sec. 99. In Stukey v. Stephens, 295 Pac. 973(Arizona) the court, in dealing with a situation similar to the present case, said: "It is apparent that defendants relied upon plaintiff's written demand for a jury, filed in the case, and for that reason made no formal demand of their own.
"We are of the opinion they were justified in so doing. With the demand of plaintiffs filed as it was, a further demand on the part of defendants would have been useless, and the law does not require a futile act. When one party has made a demand for a jury, we are of the opinion the other party may *Page 99 
rely on such demand, and is relieved of the necessity of making one for himself. And if, at a later date, the party making the original demand desires to waive it, the opposing party, no matter when the waiver occurs has then the right to determine whether he will agree to a trial before the court, or insist upon a jury trial. Any other rule would be highly inequitable, and productive of fraud."
In Karch v. Nassau Electric, 107 N.Y.S. 829 (Sup.Ct.
1907) the court said: "In this case, the plaintiff had duly demanded the jury and hence a trial by jury was then assured to both parties. The defendant had the right to rest upon the action of the plaintiff and to assume that the trial would be by jury and there was no reason why it should have then on its part taken a step like unto that already taken by the plaintiff to obtain a like condition for both parties. The plaintiff could not waive the demand against the protest of the defendant, because his demand had assured a right to the defendant, as well as to himself; and the court had no power to dispense with the jury against the protests of the defendant."
The plaintiff was entitled to assume that the demand for jury was made in good faith by the defendants and she was not required to perform the futile act of demanding a jury and paying the cost of the venire when the defendants had already done so. In the instant case the talesmen were present in the court room, available for duty; the trial could have proceeded on that date. We find that the court erred in granting defendants' motion over the objection of the plaintiff who tendered the requisite jury fee.
The plaintiff next argues that the court erred in finding that the Civil Rights statute did not extend to swimming pools and further erred in holding that the statute regulated public bathhouses only at the seashore.
R.S. 10:1-2 provides that:
"All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodation, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons." *Page 100 
The primary rule of statutory construction is to ascertain the legislative intent, and all other rules of construction are secondary thereto. Where the language is clear, there is no room for construction; such need arises only where the language of the enactment is doubtful or obscure and such as will leave reasonable minds uncertain as to its meaning. We perceive no room for construction so far as section 2 is concerned. Its patent purpose is to extend to all persons equal rights in any places of public accommodation, resort or amusement. The word "any" means "* * * one out of many * * *" and is given the full force of "every" or "all." Carson v. Scully, 90 N.J. Law 295, at 299(E. A. 1916). Applying section 2 to the instant case, the question is whether or not a swimming pool is a place of public accommodation, resort or amusement. In our opinion the answer must be in the affirmative since the language used leaves no doubt as to its meaning.
The court below concluded that the statute did not extend to a swimming pool and that it regulated public bathhouses only at the seashore. The argument which led the court to so hold was predicated on the thought that section 5 restricted the broad scope of section 2. R.S. 10:1-5 reads:
"A place of public accommodation, resort or amusement within the meaning of this chapter shall be deemed to include any inn, tavern, road house or hotel, whether for entertainment of transient guests or accommodation of those seeking health, recreation or rest; any restaurant, eating house, or place where food is sold for consumption on the premises; any place maintained for sale of ice cream, ice and fruit preparations or their derivatives, soda water or confections, or where any beverages of any kind are retailed for consumption on the premises; any garage, any public conveyance operated on land or water, and stations and terminals thereof; any public bathhouse, public boardwalk, public seashore accommodation; any theater, or other place of public amusement, motion-picture house, airdrome, music hall, roof garden, skating rink, amusement and recreation park, fair, bowling alley, gymnasium, shooting gallery, billiard and pool parlor; any dispensary, clinic, hospital, public library, kindergarten, primary and secondary school, high school, academy, college and university, or any educational institution under the supervision of the regents of the state of New Jersey. Nothing contained in sections 10:1-2 to 10:1-7 of this title shall be construed to include, or to apply to, any institution, club or place of accommodation which is in its nature distinctly *Page 101 
private, or to prohibit the mailing of a private communication in writing sent in response to a specific written inquiry."
The court below was of the opinion "that the legislature went to great length in setting forth and defining `place of public accommodation, resort or amusement.'" This view is incorrect. The language of section 5 is "a place of public accommodation, resort or amusement within the meaning of this chapter shall be deemed to include" certain enumerated places. If it was the intent to narrow the broad scope of the phrase "any places of public accommodation, resort or amusement," as used in section 2, inept language was used for that purpose. The verb "include" has not been defined so as to give to it such a restrictive meaning. InBaker v. Soltau, 94 N.J. Eq. 544 (E. A. 1923) the court said: "Counsel have both quoted authorities as to the distinction between the word `consisting' and the word `including.' There can be no serious difference of opinion that they are not synonymous and that where a bequest is subsequently qualified by an inventory headed by the phrase `consisting of' it is determinative of the extent of the bequest; whereas a similar provision, followed by the word `including,' would not by necessary implication exclude items other than those mentioned." In Snegon v. Consolidated, c., Ins. Co., 117 N.J. Eq. 325(Chancery 1934) Vice-Chancellor Buchanan, in construing section 71 of the General Corporation Act said, "it is to be observed that to accord to the words `persons' and `papers' their full comprehensive meaning is in no wise departing from a literal meaning of the legislative language. Literally those words mean all persons and all papers, and the subsequent phrase, `including, c.,' does not literally in any wise restrict that full meaning. The doctrines of construction by associated words or of ejusdem generis are not fixed rules of construction, but merely guides to the ascertainment of the legislative intent."
We have considered all of the other points argued in the respective briefs and hold that the judgment under appeal is reversed with costs and that the cause be remanded to the end that a venire may issue at the cost of the plaintiff and a new trial be had. *Page 102